## Greenwald's Estate.

120

Argued March 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Vincent R. Smith,* with him *Robert Engel,* for appellant.

*Robert W. Smith, Jr.,* with him *Albert S. Yoder* and *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 29, 1942:

Albert E. Greenwald, deceased, by deed dated April 8, 1926, created a life insurance trust, with the First National Bank of New Kensington, Pennsylvania, as trustee, providing, inter alia, for the payment of $300 monthly to his widow, Freda E. Greenwald, during her lifetime, and, at her death, for the payment of a similar sum to his daughter, Jean Greenwald (now Jean Greenwald Butler), any balance remaining after the death of the daughter to be paid to settlor's heirs at law. Upon the death of Albert E. Greenwald, on October 11, 1929, leaving to survive him the widow and daughter, the pro-

ceeds of various insurance policies, in the amount of $52,197.10, were paid over to the trustee for the purposes of the trust.

On July 23, 1940, following its appointment as co-guardian for the widow, who suffered "a complete mental collapse" on July 6, 1938, from which she has not recovered, the bank filed its first and partial account as trustee under the insurance trust agreement. At the audit, exceptions were filed by Jean Greenwald Butler, the daughter, asking that the trustee be denied all compensation and that it be surcharged for disbursements in excess of $300 a month, totalling $15,204.47. Of this sum $1,826.05 was expended by the trustee in payment of taxes and insurance on the widow's individual estate and the balance represents hospital and medical expenses of the widow paid by the trustee after the time when she is alleged to have become insane. All of the exceptions were dismissed by the court below, after hearing, and the daughter then took this appeal.

The decree will be affirmed. In addition to providing for payments of $300 a month, settlor expressly authorized the trustee to make additional payments to the widow out of principal, "at any time on her request," in such amounts "as in the judgment of said Trustee shall be advisable and necessary", and, after making a like provision for additional payments to the daughter upon the widow's death, stated it to be his intention "that broad discretionary powers be vested in the Trustee and that the terms of this trust be given a liberal interpretation so that the beneficiaries herein named shall receive not only the bare necessities but shall be provided with the better things in life." Construing the provision for additional payments out of principal in the broad way settlor obviously intended, we are not convinced that a formal request by the widow was an indispensable prerequisite to the making of such payments, as the daughter contends, or that under the circumstances disclosed by the record the disbursements com-

plained of were so clearly not "advisable and necessary" as to form the basis for a surcharge. Should it be conceded, however, that the expenditures, none of which were shown to have been exorbitant, were technically illegal, we would nonetheless be bound to conclude, as did the court below, that the daughter is without standing to complain of their impropriety.

The daughter, who with her husband and child resided at the home of the widow, was certainly aware of the expenditure of substantial sums advanced by the trustee solely for the benefit of herself and her family, and we are satisfied, from our review of the record, that she was likewise fully cognizant of the disbursements for taxes and insurance and that she approved them. As to the medical and hospital expenses, the record discloses that it was the daughter who incurred them, upon the advice of reputable physicians, and that she not only encouraged their payment from the trust assets, but approved many, if not most, of these items in writing, because she "thought there was enough money in the trust to pay them."

In *Thaw's Estate*, 252 Pa. 99, a surcharge was sought by the beneficiary of a spendthrift trust for alleged unauthorized disbursements under somewhat similar circumstances, but was refused, and on appeal this Court affirmed, stating (p. 106) : "He then became a party with the trustee in the proceeding, by his conduct encouraging the trustee to make the expenditure that he would now repudiate; for, except as he had voluntarily submitted, there could have been no expert examination and consequently no expenditure. If he was when so doing of sufficient intelligence to understand the nature and character of his act, he is and should be estopped from contesting an expenditure which he himself encouraged the trustee to make." See also *Miller's Estate*, 333 Pa. 116.

Decree affirmed at appellant's cost.