[Crim. No. 335. Third Appellate District.—March 1, 1916.]

## THE PEOPLE, Respondent, v. JOE JOY, Appellant.

CONSTITUTIONAL LAW—LOCAL OPTION ACT—FURNISHING OF ALCOHOLIC LIQUORS IN NO-LICENSE TERRITORY—SUFFICIENCY OF TITLE OF ACT.— The act of 1889, entitled "An act to provide for the regulation of the traffic in alcoholic liquors by establishing local option, . . . making it a public offense to sell, give away or distribute alcoholic liquors within such territory [no-license territory], with certain exceptions, and providing penalties for such offenses," is sufficiently comprehensive and accurate to warrant the provision in the body of the act, making it unlawful to "furnish" liquor within no-license territory.

ID.—OBJECT OF CONSTITUTIONAL PROVISION.—The object of the constitutional provision requiring every act to embrace but one subject, which shall be expressed in its title, is to prevent legislators and the public from being entrapped by misleading titles to bills, whereby legislation relating to one subject might be obtained under the title of another; and it must receive a reasonable, and not a narrow or technical, construction.

ID.—FURNISHING AND GIVING AWAY LIQUOR IN NO-LICENSE TERRITORY— SUFFICIENCY OF INFORMATION.—An information charging a defendant with the offense of unlawfully "furnishing, distributing and giving away" alcoholic liquors in no-license territory is not defective in and to the extent that it contains the word "furnish," and where the evidence shows that the defendant "*gave*" the liquor away, the use of the word "furnish" may be disregarded as involving nothing more than mere abstract error, if error at all.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial. W. A. Anderson, Judge.

The facts are stated in the opinion of the court.

J. E. Strong, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted of the offense charged as follows: "The said Joe Joy, of Woodland, on or about the 20th day of October, 1915, and within the boundaries of the city of Woodland, county of Yolo, state of Cali-

fornia, then and there being, did then and there willfully and unlawfully furnish, distribute and give away alcoholic liquors, and the said city of Woodland then and there being an incorporated city and no-license territory," etc.

It is not disputed that said city constitutes no-license territory, and that the prosecution was had under section 13 of Statutes of 1911, page 602, providing that "It shall be unlawful for any person, corporation, firm, company, association or club, as principal, agent, employee or otherwise, within the boundaries of any no-license territory to sell, furnish, distribute or give away any alcoholic liquors except as provided in section 16 hereof."

The principal contention of appellant is that said statute and also the information filed by the district attorney are broader than the title of said act permits, and, therefore, unwarranted in and to the extent that each contains the word "furnish."

The title of said act, as far as necessary to quote here, is: "An act to provide for the regulation of the traffic in alcoholic liquors by establishing local option, . . . making it a penal offense to sell, give away or distribute alcoholic liquors within such territory, with certain exceptions; and providing penalties for such offenses."

It is settled that the title of an act may be general, and need not embrace "an abstract or catalogue of its contents": (*Abeel* v. *Clark,* 84 Cal. 226, [24 Pac. 383] ; *Estate of McPhee,* 154 Cal. 385, [97 Pac. 878] ; *Pritchard* v. *Whitney Estate Co.,* 164 Cal. 564, [129 Pac. 989] ; *Matter of Coburn,* 165 Cal. 202, 211, [131 Pac. 352].)

The object of the constitutional provision requiring every act to embrace but one subject, which shall be expressed in its title, is to prevent legislators and the public from being entrapped by misleading titles to bills, whereby legislation relating to one subject might be obtained under the title of another; and it must receive a reasonable and not a narrow or technical construction. (*Abeel* v. *Clark,* 84 Cal. 226, [24 Pac. 383].)

Within the spirit of the foregoing declarations it must be held that the provision in the title in reference to the regulation of the traffic in alcoholic liquors in no-license territory is sufficiently comprehensive and accurate to warrant the inhibition of the statute directed against the furnishing of

liquor therein. Many cases illustrating the application of the principle have been cited by the attorney-general, but it is sufficient to refer to *Parkinson* v. *State,* 14 Md. 184, [74 Am. Dec. 522], wherein the subject is learnedly discussed, and the court held that the title, "An act to prohibit sale of intoxicating liquors to minors" was sufficient to justify the provision in the body of the act making it unlawful "to sell, dispose of, barter or give" such liquors to minors, "as being the means to effect the chief design of the act as expressed in the title." The case is reported, with an interesting note attached thereto, in 74 Am. Dec. 522.

Appellant also complains of an instruction given by the court following the language of the information and containing the word "furnished," but the objection to the instruction is similar to that urged against said information, and it has no good reason in its support.

The definition given by the court of the word "furnish" is also criticised by appellant, but it seems to be in accordance with the standard lexicographers, as follows: "To supply; to offer for use, to give, to hand."

Moreover, it must be apparent from the testimony in the case that the foregoing discussion—brief as it is—might well be eliminated. The evidence shows that the appellant *gave* the liquor away. In fact, it is not disputed that there is sufficient showing of the violation of the law in that respect. The whole consideration as to the word "furnish" may be disregarded as involving nothing more than mere abstract error which could not have prejudiced appellant. Assuming that the law improperly contains the word "furnish," and the information was defective in the same respect, it simply presents an instance of redundance, and the conviction of the offense of giving away the liquor, which was properly charged, is not affected.

We can see no shadow of merit in the appeal, and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.