Opinion
 

 KAUFMAN, Acting P. J.
 

 —In this action for damages for personal injury, plaintiff, John T. Bennett, appeals from a summary judgment entered in favor of defendant, Steven E. Letterly.
 

 Facts
 

 Defendant was a student at Bloomington High School and a member of its varsity basketball team. On December 26, 1973, defendant invited
 
 *903
 
 a small group of his classmates, including fellow team members, to his home. Although he had been instructed to stay at home by his parents, who were away for the holidays, defendant told his classmates that they were welcome to come to his house following a junior varsity basketball game later that evening. By shortly after 8 p.m. that evening defendant’s guests had arrived. They included John Howell, Carlos “Charlie” Baca, Steve Alvarez and Wayne Houchins and his date. Howell and Baca arrived at defendant’s home in a car belonging to Howell’s parents and driven by Howell. All those present at defendant’s home, including defendant, were minors. After a short time had elapsed, the group decided that they should attempt to procure some alcoholic beverages. Although defendant’s parents had alcohol in the home, defendant indicated to his guests that no part of that alcohol could be consumed by any of them. Therefore, Howell, Alvarez and Baca left defendant’s home for the purpose of purchasing the desired alcohol.
 

 Though it is unclear exactly how many of those present contributed money toward the purchase of the alcohol, and how much was ultimately contributed, it is clear that defendant contributed somewhere between $2 and $5 and that Howell contributed $5.
 

 The trio’s first attempt to purchase the liquor was unsuccessful. However, Alvarez subsequently persuaded an adult individual unknown to any of the three to buy liquor for them at a local liquor store. At least two bottles of liquor were purchased along with other items. Upon returning to defendant’s home, Baca and Howell proceeded to consume an entire bottle of whiskey which constituted a portion of the liquor which had just been purchased. It is undisputed that Howell and Baca were the only ones partaking of the whiskey, and that they poured and mixed their own drinks and served themselves.
 

 After consuming his portion of the whiskey, Howell became intoxicated. Later in the evening, Howell and Baca, defendant’s last remaining guests, decided to leave. Due to Howell’s intoxication, defendant and Baca attempted to convince him that he was in no condition to drive. After considerable urging on their part and a slight collision with a tree while backing from defendant’s driveway, Howell was convinced; he relinquished the driver’s seat to Baca. Thereupon, the two left defendant’s home with the understanding that Baca would drive Howell home and spend the night at Howell’s house.
 

 
 *904
 
 At the urging of Howell, Baca was persuaded to drive by a girlfriend’s home. A camper occupied by plaintiff was parked in front of the girl’s home. When Baca stopped the car in front of the house, Howell got out and began to create a disturbance. Thereupon, Baca and plaintiff attempted to put Howell back into the car on the passenger side. However, Howell succeeded in getting out of the car and continued to cause a disturbance. Baca and plaintiff again placed Howell in the car on the passenger side. This time, however, Howell slid over to the driver’s side and drove off down the street. After making a left turn on an adjoining street, Howell then made a U-tum and came back ostensibly to pick up Baca. On his return, Howell lost control of the car and the car struck plaintiff.
 

 Contentions, Discussion and Disposition
 

 Plaintiff urges the facts show that defendant violated Business and Professions Code section 25658, subdivision (a), which makes it a misdemeanor to furnish or cause to be furnished to a minor any alcoholic beverage, and, thus, negligently caused plaintiff’s injury. (Cf.
 
 Vesely
 
 v.
 
 Sager,
 
 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151];
 
 Brockett
 
 v.
 
 Kitchen Boyd Motor Co.,
 
 24 Cal.App.3d 87 [100 Cal.Rptr. 752].) Assuming for the purpose of argument that the rule of
 
 Vesely
 
 as extended by
 
 Brockett
 
 applies to a purely social situation such as that presented here,
 
 [1]
 
 and is otherwise applicable to the facts of the case at bench, we have concluded that the conduct of defendant shown here does not constitute furnishing or causing to be furnished an alcoholic beverage to a minor in violation of Business and Professions Code section 25658, subdivision (a).
 

 Business and Professions Code section 25658, subdivision (a) provides: “Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor.”
 
 [2]
 

 We shall make no effort to state definitively the meaning of the word “furnishes” used in section 25658, subdivision (a). As used in a similar context the word “furnish” has been said to mean: “ ‘To supply; to offer
 
 *905
 
 for use, to give, to hand.’ ”
 
 (People
 
 v.
 
 Joe Joy,
 
 30 Cal.App. 36, 38 [157 P. 507].) It has also been said the word “furnish” is synonymous with the words “supply” or “provide.”
 
 (People
 
 v.
 
 Epperson,
 
 38 Cal.App. 486, 488 [176 P. 702].) In relation to a physical object or substance, the word “furnish” connotes possession or control over the thing furnished by the one who furnishes it.
 
 (Southern Exp. Co.
 
 v.
 
 State
 
 (Ga. 1899) 33 S.E. 637, 638.) The word “furnish” implies some type of affirmative action on the part of the furnisher; failure to protest or attempt to stop another from imbibing an alcoholic beverage does not constitute “furnishing.”
 
 (Calrow
 
 v.
 
 Appliance Industries, Inc.,
 
 49 Cal.App.3d 556, 569 [122 Cal.Rptr. 636].)
 

 The undisputed facts are that defendant did no more than contribute $2 to $5 to a common fund intended to be used for the purchase of liquor. He did not himself purchase the liquor. There is no evidence that, once the alcohol was purchased and brought back to defendant’s house, he exercised any control over, or even handled, the bottle of whiskey Howell and Baca consumed. All the evidence indicates that Howell and Baca consumed the entire bottle of whiskey, pouring and mixing their own drinks and serving themselves. On these facts defendant was not guilty of furnishing an alcoholic beverage or causing such to be furnished in violation of section 25658, subdivision (a).
 

 Plaintiff apparently argues that, although the evidence does not establish a direct furnishing of an alcoholic beverage by defendant, it does support an inference that a joint enterprise existed among the minors and that each is therefore a principal to a violation of section 25658, subdivision (a) pursuant to Penal Code section 31.
 
 [3]
 

 Assuming arguendo that the facts do give rise to an inference of joint enterprise,
 
 [4]
 
 plaintiff’s argument is not meritorious. If any joint enterprise existed, its purpose was to
 
 purchase
 
 alcoholic beverages. The
 
 purchase
 
 of an alcoholic beverage by a minor is made illegal by Business and Professions Code section 25658, subdivision (b). Thus, if defendant was guilty of any statutory violation on a theory of conspiracy or aiding and abetting, it was section 25658, subdivision (b) that was violated, not
 
 *906
 
 section 25658, subdivision (a). There is no suggestion, nor do we think there could be, that the
 
 purchase
 
 of an alcoholic beverage by a minor in violation of section 25658, subdivision (b) could be the basis of liability of the purchaser for personal injury to another caused by a third person.
 

 The only question presented is one of statutory construction. That is a question of law.
 
 (Estate of Madison, 26
 
 Cal.2d 453, 456 [159 P.2d 630];
 
 Beck
 
 v.
 
 Piatt,
 
 24 Cal.App.3d 611, 615 [101 Cal.Rptr. 236].) Summary judgment was proper.
 

 The judgment is affirmed.
 

 McDaniel, J., and Morris, J., concurred.
 

 A petition for a rehearing was denied November 28, 1977, and appellant’s petition for a hearing by the Supreme Court was denied January 19, 1978.
 

 [1]
 

 This question is presently before the California Supreme Court in
 
 Walters
 
 v.
 
 Sloan,
 
 L.A. 30517. (See Supreme Court News Release 37/75.)
 

 [2]
 

 All further statutory references are to the Business and Professions Code unless otherwise indicated.
 

 [3]
 

 Penal Code section 31 provides in pertinent part, “[a]ll persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission,... are principals in any crime so committed.”
 

 [4]
 

 It is questionable whether the existence of a joint enterprise is established on these facts. (See generally,
 
 DeSuza
 
 v.
 
 Andersack,
 
 63 Cal.App.3d 694, 700-701 [133 Cal.Rptr. 920]; 4 Witkin, Summary of Cal. Law (8th ed.) Torts, §§ 656, 712, pp. 2935, 3000.)