477 A.2d 547

Diane J. SITES and Dorine M. Mihaly

v.

Thomas V. CLOONAN, Stephen P. Conneely, All-Ireland Athletic Association, John Nee, Knights of Columbus.

Appeal of Diane J. SITES and Dorine M. Mihaly.

Diane J. SITES and Dorine M. Mihaly, Appellants,

v.

Thomas V. CLOONAN, Stephen P. Conneely, All-Ireland Athletic Association, John Nee, Knights of Columbus.

Superior Court of Pennsylvania.

Argued Jan. 12, 1982.

Filed June 15, 1984.

Robert G. Xides, McKeesport, for appellants.

Herbert N. Rosenberg, Pittsburgh, for Conneely, appellee.

James E. Coyne, Pittsburgh, for All-Ireland, appellee.

John W. Jordan, Pittsburgh, for Nee, appellee.

Before HESTER, BECK and VAN der VOORT, JJ.

BECK, Judge:

This case involves the issue of whether a third party has a cause of action in negligence against a social host who furnishes alcoholic beverages to an adult guest who, after becoming intoxicated, leaves the social gathering and injures the third party. Appellants Sites and Mihaly, plaintiffs below, were struck by an automobile driven by defendant Cloonan, who is not involved in this appeal. Cloonan was intoxicated. He had consumed liquor at a non-commercial social event sponsored by appellee All-Ireland Athletic Association on the premises of appellee Knights of Columbus. Appellee Conneely was the bartender who served liquor to Cloonan. Appellee Nee is a member of the Knights of Columbus who was present at the affair and who had been entrusted by the Knights with the keys to the premises. Appellees were also defendants below.

Sustaining appellees' preliminary objections, the lower court dismissed appellants' complaint with respect to all appellees, holding that no cause of action existed against appellees as gratuitous suppliers of liquor. We affirm. This case is controlled by the recent decision of our Supreme Court in *Klein v. Raysinger*, 504 Pa. 141, 470 A.2d

507 (1983). In *Klein*, the Supreme Court held that "there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests." 504 Pa. at 148, 470 A.2d at 511. It is clear that appellees were acting strictly as social hosts.[1] No sales of liquor took place at the affair in question, and no appellee was a licensee or an employee or agent of a licensee under Article IV of the Liquor Code, 47 P.S. §§ 4–401 et seq.[2] Therefore, the trial court correctly dismissed appellants' complaint against appellees.

Order affirmed.

---

1. Our disposition of this appeal makes it unnecessary to address the claims of appellees Nee and Knights of Columbus that they were only providers of space and therefore were not liable as social hosts, because they did not furnish liquor to Cloonan and had no duty to supervise the serving of liquor by appellees All-Ireland and Conneely.

2. Because we find that the event at which Cloonan consumed alcohol was clearly a private social gathering sponsored by a noncommercial organization, our decision is limited to that context. We do not reach here the question whether liability should be imposed on a defendant who becomes something more than a purely social host, e.g. by opening his doors to the general public and/or accepting some consideration for the liquor served, even if he has not secured a license under the Liquor Code.