Anne FASSETT

v.

Christopher F. POCH, et al.

v.

Attilla KOC, et al.

John L. BUCKLEY, Jr., Administrator of the Estate of Monica T. Buckley, Deceased

v.

Christopher F. POCH, et al.

v.

Attilla KOC, et al.

Civ. A. Nos. 84–4613, 84–4624.

United States District Court, E.D. Pennsylvania.

Dec. 3, 1985.

■■■■■■■■■■■■

Robert E. Slota, Bryn Mawr, Pa., for plaintiff in Civ. A. No. 84–4613.

John J. McAuliffe, Jr., Philadelphia, Pa., for plaintiff in Civ. A. No. 84–4624.

Wallace A. Murray, Jr., Norristown, Pa., Robert S. Davis, Philadelphia, Pa., for Delta Kappa Epsilon (New York).

Benjamin E. Zuckerman, Norristown, Pa., for Christopher Poch.

David L. Steck, Philadelphia, Pa., for Michael Bacha.

Joseph W. Fullem, Jr., Philadelphia, Pa., for Christopher L. Troy.

John J. O'Brien, III, Philadelphia, Pa., for Bruce E. Turgiss.

Joseph P. Connor, III, Philadelphia, Pa., for Kevin Zachea.

Robert St. Leger Goggin, Philadelphia, Pa., for Corbin S. Evans.

Earl T. Britt, Michael O. Kassak, Philadelphia, Pa., for Nicholas D'Allesandro.

John F. Dougherty, Jr., Philadelphia, Pa., for Daniel Hoffend.

Edwin L. Scherlis, Philadelphia, Pa., for Robert J. Ackerman, Henry Rohrer, Richard Dulcey, John McGee & Joseph Delaney.

L. Oliver Frey, Philadelphia, Pa., for Bruce Baltera in Civ. A. No. 84–4613.

Donald J.P. Sweeney, Philadelphia, Pa., for Thomas C. Brockwell, Peter J. Wynne & Steven McEvoy and Sean Flanagan.

Susan Warnock Thomas, Philadelphia, Pa., for Kevin Connor.

Daniel G. Brehm, Wayne, Pa., for Louis D'Onofrio.

Joseph F. VanHorn, Jr., Philadelphia, Pa., for Daniel M. Farrell & Thomas M. Mulroy.

Donald J.P. Sweeney, Philadelphia, Pa., for Sean P. Flannagan.

John J. Barr, Philadelphia, Pa., for Paul A. Gentile.

Madeline M. Sherry, Philadelphia, Pa., for David R. Jones in Civ. A. No. 84–4613.

John Gerard Devlin, Philadelphia, Pa., for Attilla A. Koc & Joseph Torrisi.

David M. McCormick, Philadelphia, Pa., for Ronald A. Nauman.

Dean F. Murtagh, Philadelphia, Pa., for Anthony D. Pacaro.

Peter J. Hoffman, Philadelphia, Pa., for James T. Wilson.

Gerry J. Woods, Philadelphia, Pa., for David R. Jones in Civ. A. No. 84–4624.

John A. Orlando, Philadelphia, Pa., for Christopher J. Wackerman and Bruce Baltera in Civ. A. No. 84–4624.

## MEMORANDUM

BECHTLE, District Judge.

In the above-captioned actions, consolidated for trial purposes, plaintiffs seek to recover damages resulting from an automobile accident in which Monica Buckley was killed and Anne Fassett sustained serious injuries. Jurisdiction is based on diversity.

On September 17, 1985, the court entered Orders concerning numerous motions to dismiss and motions for summary judgment. The following sets forth the court's reasoning for so ordering.

## I. FACTS

In considering either a motion to dismiss or a motion for summary judgment, the court must construe all facts and inferences in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Company,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Summary judgment is proper only when the record clearly establishes that no genuine issue of material fact remains to be tried and that

the moving party is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *Ely v. Hall's Motor Transit Co.,* 590 F.2d 62, 66 (3d Cir.1978).

Based on these standards, the facts in this case are as follows:

On the evening of September 25 and the morning of September 26, 1982, Monica T. Buckley, Anne Fassett and Corbin S. Evans attended a party organized by members of the Villanova University chapter of Delta Kappa Epsilon ("DKE-Vill"). DKE-Vill members advertised the party around the Villanova Campus; sold tickets; bought liquor and beer for the party; brought in a portable bar and punch dispenser; arranged for a stereo music system; and served as bartenders, doormen and on clean-up crews. The party was held at a private home on Wynnewood Road in Philadelphia, Pennsylvania, which premises were leased by four Villanova students—Christopher Troy, Bruce Turgiss, Kevin Zacchea and Michael Bacha. Three of the tenants, Turgis, Troy and Zacchea, were members of DKE-Vill. Bacha was not a member of the fraternity. The consent of the four tenants was obtained to hold the party at the premises in exchange for their free admission to the party. Alcoholic beverages were served to the guests at the party, the majority of whom were under twenty-one years of age.

Early on the morning of September 26, 1982, Monica Buckley, Anne Fassett and Corbin Evans departed the party in a vehicle driven by Corbin Evans. Mr. Evans, a minor at the time of the party, admittedly consumed intoxicating beverages before departing the party. After driving only a short distance, Mr. Evans' vehicle collided with a pick-up truck driven by Nicholas D'Alessandro. Tragically, Monica Buckley was killed and Anne Fassett suffered severe personal injuries.

As a result of this accident, plaintiff Anne Fassett ("Fassett") instituted two lawsuits. The first action was brought in the Philadelphia Court of Common Pleas against, among others, Corbin Evans and Nicholas D'Alessandro.[1] The case went to verdict against Corbin Evans alone[2] in the amount of approximately $5,100,000.00. Fassett's second action is the federal lawsuit presently before this court. In this matter, Fassett has brought suit against the four lessees of the premises where the party was held (Christopher Troy, Bruce Turgiss, Kevin Zacchea, and Michael Bacha), Christopher Poch, the president of the Villanova Chapter of DKE, the National Chapter of DKE ("DKE-New York") and DKE-Vill.[3]

The material allegations of Fassett's second amended complaint are as follows:

49. On or about the evening of September 25 and the morning of September 26, 1983, Defendants, and each of them, sponsored, organized, held, operated, directed, managed and otherwise conducted a party at which alcoholic beverages were served. Said party was held at the premises located at 1825 Wynnewood Road in Philadelphia, PA.

50. At this party, Defendants, and each of them, caused to be served to one Corbin Evans, a minor, alcoholic beverages of an undisclosed amount to the point that Evans was under the influence of alcohol.

51. Evans, thereafter, drove a 1975 Fiat on Wynnewood Road in Philadelphia, PA, while Plaintiff, Anne Fassett, was a passenger of the 1975 Fiat.

52. As a result of Defendants' conduct, above described, Evans was involved in an accident.

---

1. December Term, 1982, No. 997.

2. Fassett voluntarily dismissed D'Alessandro from this action.

3. On June 13, 1985, having been advised by plaintiff's counsel that Fassett did not oppose the motion, the court granted DKE-New York's motion for summary judgment. On September 12, 1985, pursuant to Fed.R.Civ.P. 21, the court granted Fassett's motion to voluntarily dismiss DKE-Vill.

53. As a further result of Defendants' conduct, Plaintiff suffered severe and permanent injuries, including but not limited to, quadriplegia.

. . . .

60. Defendants' negligence consists of serving alcoholic beverages and intoxicants to the minor, Corbin Evans.

As a result of the aforementioned automobile accident, John L. Buckley, Jr., administrator of the estate of Monica Buckley ("Buckley"), similarly instituted two lawsuits. The first action was brought in Philadelphia Court of Common Pleas against, among others, Corbin Evans and Nicholas D'Alessandro.[4] On May 24, 1985 the parties settled this matter, executing a Joint Tortfeasor Release for the sole consideration of $275,000.00. Buckley's second action is the federal lawsuit presently before this court. In this matter, Buckley has brought suit against three of the lessees of the premises where the party was held (Christopher Troy, Bruce Turgiss, and Kevin Zacchea),[5] Christopher Poch, Daniel Hoffend, the treasurer of DKE-Vill and DKE-New York.[6]

The material allegations of Buckley's amended complaint are as follows:

11. On or about September 26, 1982, any or all of the defendants herein both individually and/or in their capacity as agents, servants, employees and/or representative officers of Delta Kappa Epsilon of New York, unlawfully agreed and conspired among themselves to hold a party at 1825 Wynnewood Road, Philadelphia County, Pennsylvania, at which party they would provide in a negligent manner, alcoholic beverages to minors.

12. On or about September 25 or 26, 1982, and for a long time prior thereto, the aforementioned premises and fraternity house was managed, operated, supervised, controlled and/or maintained either jointly and/or severably by the defendants, Christopher L. Troy, Bruce Turgiss, Christopher F. Poch, Daniel Hoffend, Kevin Zacchea and/or Delta Kappa Epsilon of New York.

13. All of the defendants individually, and/or in conspiracy with each other and in concert with each other, and/or in an agency relationship and/or in concert with Delta Kappa Epsilon of New York were careless and negligent in that they:

a) Negligently provided alcoholic beverages to a minor who operated a car in which Plaintiff's decedent was a passenger, in such a manner that it was involved in a vehicular collision resulting in Plaintiff's decedent's death;

b) Negligently providing a minor with alcoholic beverages to the point where he became intoxicated and as a driver, was in an accident, resulting in Plaintiff's Decedent's death;

c) The defendants Troy, Turgiss and Zacchea, being possessors of and having control over the land where the party was held at their house, were negligent, breaching a duty owed to Plaintiff's decedent as an invitee and also to the driver of the car in which Plaintiff's decedent was a passenger, who was also an invitee at the party;

d) Violations of the statutes of the Commonwealth pertaining to the purchasing, selling or providing of alcoholic beverages to minors, one of whom was the driver of the car Plaintiff's decedent was in;

e) Violation of the Liquor Code (47 P.S. § 4-493(1)), making it a violation to provide alcoholic beverages to any person visibly intoxicated;

f) Furnishing intoxicating beverages to minors who have legislatively been

---

4. November Term, 1982, No. 6781.

5. The fourth lessee, Michael Bacha, was apparently not named as a defendant by Buckley in order to preserve diversity jurisdiction.

6. On May 29, 1985, having been advised by plaintiff's counsel at a hearing on May 24, 1985 that Buckley did not oppose the motion, the court granted DKE-New York's motion for summary judgment.

determined to be incompetent to handle its effects;

g) Being otherwise careless and negligent under the circumstances.

14. As a result of all of the defendant's negligence individually and/or in concert and agreement with each other, and/or in their capacity as agents, servants, employees and/or representative officers of Delta Kappa Epsilon of New York, one of the minors who had been served alcoholic beverages to the point of intoxication at the 1825 Wynnewood Road party was involved in a vehicular collision with Plaintiff's decedent as his passenger, as a result of which Plaintiff's decedent sustained injuries resulting in her death.

On May 13, 1985, this court consolidated the two actions for trial purposes. In the interim, third-party complaints were filed in both actions against all the members of DKE-Vill at the time of the party, in their individual capacity, and against Corbin Evans and Nicholas D'Alessandro, the drivers of the vehicles involved in the accident.[7] An extensive period of discovery ensued during which the court was inundated with motions to dismiss and motions for summary judgment.

At a hearing held on May 24, 1985, in order to help the court decide these motions, the court ordered that each plaintiff and each third-party plaintiff submit detailed offers of proof stating the factual basis of their claims against those defendants they sought to hold liable. The court specifically instructed:

I am going to require that there be filed with the court an offer of proof that the plaintiffs have against every defendant. That will be filed with the court and served on the parties.... *It should set forth not legal conclusions but the factual evidence plaintiffs have against*

the particular defendants they'll have at this trial, all right?

. . . .

[T]he Court will consider motions to dismiss based on [these] offers of proof. *If they're not adequate ... [t]he case will be dismissed on that offer of proof itself.*

So, I don't want a lot of general conclusions in these offers of proof. Oh, they were all negligent when they did these things. *I want precision and exactness.* It can be done and it should be done.

Just like an opening statement to the jury: Members of the jury ... [W]e're going to prove that defendant X was negligent in the following manner on a certain day and time and he did something. I'm going to look at that, and if that's enough to support sending that case to the jury as proven, okay, we'll say there won't be any denial, but if it's not, I'm going to dismiss the case.

That's the importance of the accuracy and the precision of these offers of proof. (Emphasis added).

After reviewing the written offers of proof submitted by the parties in response to this order, the court held a hearing on September 12, 1985 in order to allow each plaintiff and third-party plaintiff an opportunity to add anything in open court to their written offers of proof, prior to the court's ruling on the outstanding motions. It was upon these written offers of proof, as supplemented orally at the September 12, 1985 hearing, that the court endeavored to decide the outstanding motions.

## II. DISCUSSION

The motions before the court present two, heretofore unanswered questions concerning social host liability in Pennsylvania:

---

**7.** In the *Fassett* case: defendant Poch filed a third-party complaint against Corbin Evans; defendant Troy filed a third-party complaint against Corbin Evans, Nicholas D'Alessandro and Daniel Hoffend; defendant Bacha filed third-party complaints against Evans, D'Alessan-

dro, Hoffend, DKE-Vill and its individual members as of the date of the accident.

In the *Buckley* cases: defendant Troy filed a third-party complaint against Evans, D'Alessandro, Bacha, DKE-Vill and its individual members as of the date of the accident.

1) Whether Pennsylvania [8] would recognize a cause of action against a *minor* social host for serving/furnishing alcohol to another minor, proximately resulting in personal injuries and/or death to the intoxicated minor or to third persons?

2) What conduct constitutes serving/furnishing alcohol in the social host liability setting?

In order to fully understand the court's answers to these questions, a review of current Pennsylvania law concerning social host liability is necessary.

In *Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973) the Pennsylvania Supreme Court refused to recognize a cause of action against a non-licensed social host premised on violations of Section 493(1) of the Pennsylvania Liquor Code, 47 Pa.Stat. § 4–493(1) (also known as the "Dram Shop Act"). The court held that the Liquor Code only applies to liquor licensees. Violations of the Liquor Code cannot form the basis of a cause of action against a non-licensee. 310 A.2d at 76. *See also, Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507, 508 n. 6 (1983); *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515, 518 n. 3 (1983). The *Manning* court concluded that the decision of whether to extend liability to non-licensees is "best left to the legislature." 310 A.2d at 76.[9]

In *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983), the Pennsylvania Supreme Court was faced, for the first time, with the issue of whether a non-licensed host could be subject to a cause of action based on common-law tort notions. After carefully reviewing how other jurisdictions decided this issue, the court held that no common law liability exists on the part of a social host for the service of alcohol to his guests. The court stated:

[T]he great weight of authority supports the view that in the case of an ordinary able bodied man it is the consumption of the alcohol, rather than the furnishing of the alcohol, which is the proximate cause of any subsequent occurrence. This is in accord with the recognized rule at common law. *See* Anno.: *Damage from Sale or Gift of Liquor or Drug.* 97 A.L.R.3d 528 § 2 at 533 (1980); 45 Am.Jur.2d. Intoxicating Liquor § 533. We agree with this common law view, and consequently hold that there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests.

470 A.2d at 510–11. *See also, Sites v. Cloonan,* 328 Pa.Super. 481, 477 A.2d 547 (1984).

On the same day that the Supreme Court issued its opinion in *Klein,* the court rendered a decision in another case that created an exception to the general rule established in *Klein.* In that case, *Congini v. Portersville Company,* 504 Pa. 157, 470 A.2d 515 (1983), plaintiff, a minor, was served alcoholic beverages by the agents of the defendant employer at a Christmas party given by the employer. The minor plaintiff became visibly intoxicated and was subsequently seriously injured in an automobile accident on his way from the party. The *Congini* court held that a social host was "negligent per se" for serving alcohol "to the point of intoxication" to a *minor,* and that the host could be held liable for injuries proximately resulting from the minor's intoxication. 470 A.2d at 518. The court based its decision on the special treat-

8. In the present case, Pennsylvania has the most significant contacts with the parties and the circumstances out of which this action arose. Pennsylvania is the place of the injuries, and the place where the alleged tortious conduct took place. All parties were temporary residents of Pennsylvania, attending Pennsylvania schools at the time of the accident. Consequently, at least as to all liability issues, Pennsylvania law applies. *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964).

9. There are no allegations that any of the defendants or third-party defendants were licensees, or acting as the agent, servants or employees of any licensees under the Dram Shop Act. All evidence suggests that this was clearly a private, non-commercial social gathering. Consequently, to the extent any liability claim is based on violations of the Pennsylvania Liquor Code, *see e.g., Buckley* amended complaint at paragraph 13(e), such claim is dismissed.

ment of minors in the Pennsylvania Crimes Code relating to the sale and consumption of alcohol by minors.

In *Klein v. Raysinger* ... we held that there exists no common law liability on the part of a social host for the service of intoxicants to his adult guests. In arriving at this decision we relied upon the common law rule that in the case of an ordinary able bodied man, it is the consumption of alcohol rather than the furnishing thereof, that is the proximate cause of any subsequent damage.

However, our legislature has made a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol. Under Section 6308 of the Crimes Code [footnote omitted] 18 Pa.C.S. § 6308, a person "less than 21 years of age" commits a summary offense if he "attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages." Furthermore, under Section 306 of the Crimes Code, 18 Pa.C.S.A. § 306, an adult who furnishes liquor to a minor would be liable as an accomplice to the same extent as the offending minor.

This legislative judgment compels a different result than *Klein*, for here we are not dealing with ordinary able bodied men. Rather, we are confronted with persons who are, at least in the eyes of the law, incompetent to handle the affects of alcohol.

470 A.2d at 517. Applying section 286 of the Restatement (Second) of Torts,[10] the court adopted the statutory standard of conduct set forth in § 6308 of the Crimes Code as the standard of a reasonable person, concluding that a host who serves alcoholic beverages to a minor to the point of intoxication is negligent per se.[11]

In *Douglas v. Schwenk,* 330 Pa.Super. 392, 479 A.2d 608 (1984), the *Congini* exception was extended so that third-parties could recover from those furnishing or serving intoxicating beverages to a minor so long as there was a causal connection between the furnishing of the liquor and the accident. In *Douglas,* plaintiff passenger was killed in an automobile accident involving a minor driver who was furnished alcohol at a bar by the third-party defendants, who were adult patrons at the bar.

### A. Liability of a Minor Social Host

In the present case, many, if not all of the defendants and third-party defendants were under twenty-one years of age at the time of the alleged negligent activity. While it is true that both *Congini* and *Douglas* involved *adult* social hosts serving liquor to a minor, there is no definitive indication in either opinion that such liability would or would not apply to a *minor* social host. Defendants assert that the court in *Lattanzi v. Tori,* 341 Pa.Super. 625, 491 A.2d 925 (1985), held that, in Pennsylvania, only an *adult* social host can be liable for serving alcohol to a minor. In support of their position, defendants cite

---

**10.** *Section 286 of the Restatement (Second) of Torts provides:*

§ 286. When Standard of Conduct Defined by Legislation or Regulation Will be Adopted
The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
  (a) to protect a class of persons which includes the one whose interest is invaded, and
  (b) to protect the particular interest which is invaded, and
  (c) to protect that interest against the kind of harm which has resulted, and
  (d) to protect that interest against the particular hazard from which the harm results.

This section has been adopted as the law of Pennsylvania. *Majors v. Brodhead Hotel,* 416 Pa. 265, 205 A.2d 873, 875 (1965).

**11.** It is important to emphasize the court's language "to the point of intoxication" which indicates the court's understanding that liability is not premised upon serving additional alcohol to an already visibly intoxicated minor, but merely serving the minor sufficient alcohol to cause the minor to become intoxicated. *See Mancuso v. Bradshaw,* 338 Pa.Super. 328, 487 A.2d 990, 994 (1985) (Beck, J. concurring). In the present case, therefore, plaintiffs need only show that a particular defendant served alcohol to Corbin Evans to the point of intoxication, not that he was served additional alcohol once visibly intoxicated.

the following excerpt from the *Lattanzi* opinion:

> Although the cases [*Congini* and *Douglas*] establish new causes of action in Pennsylvania, we do not find them mandating yet another one under the facts of this case. It is clear from *Congini* that the supreme court was referring to the liability of *adults* who *furnished* minors with intoxicating liquors. In the instant cases, appellants do not allege that Bray or Campbell "furnished" Coffey with alcoholic beverages, and they concede that the two were "incompetent" under section 6308 of the Crimes Code, i.e., under 21 years of age. *See Congini, supra,* [504 Pa.] at [161], 470 A.2d at 517.

Slip op. at 4 (emphasis in original).

First, and foremost, the court simply disagrees with the *Lattanzi* court's finding that "[i]t is clear from *Congini* that the supreme court was referring to the liability of *adults* ..." To the contrary, this court finds no such implication. In fact, the *Congini* decision implies that an action against a minor social host should be recognized. *Congini* held that an eighteen year old driver could be contributorily negligent for drinking alcohol. "[A]n eighteen year old person is presumptively capable of negligence." 470 A.2d at 518. The logical implication is that if an eighteen year old is presumed capable of negligently consuming alcohol, he/she should be competent to meet the same standard concerning the furnishing of alcohol.[12]

Furthermore, the defendants' contention that *Lattanzi* holds that social host liability in Pennsylvania is restricted to "adult" social hosts is wholly unwarranted. As will be discussed more fully later in this opinion, *Lattanzi* stands solely for the proposition that where two or more persons *conspire* together to violate the Pennsylvania underage drinking law, 18 Pa.Con.Stat. § 6308, by purchasing, transporting and making alcohol available to a minor guest

who then becomes intoxicated and injures a third party, that third party does *not* have a cause of action against the co-conspirators. At best, the above-quoted passage from *Lattanzi* is dictum which this court is not bound by.

■ Consequently, this court must decide, for the first time, whether Pennsylvania would recognize a cause of action against a minor social host. The court finds that Pennsylvania would recognize such a cause of action.

There is no justifiable reason to automatically absolve a social host from liability solely because the host is under twenty-one years of age. It is inconceivable that a minor guest or innocent third-party who suffers harm as a result of the serving of alcohol to the minor guest, may assert a cause of action against a twenty-one year old social host, yet would be precluded from asserting a similar cause of action against a twenty year old social host. These inopposite results arise solely from the fortuitous circumstances of the age of the tort-feasor, rather than the conduct of the social host.

On the other hand, to hold a minor to the adult standard of "negligence per se" established in *Congini* is equally unreasonable. It would be ludicrous, for example, to allow an action against a nine year old child for injuries sustained by the child's eighteen year old babysitter in a car accident, after the child, upon the babysitter's request, served the babysitter from her parent's liquor cabinet. Unquestionably, in considering a minor social hosts' liability, the age of the minor host must be taken into consideration.

■ Accordingly, the court finds that in considering the liability of a minor social host, Pennsylvania would apply the scheme set up by the Pennsylvania Supreme Court in *Kuhns v. Brugger,* 390 Pa. 331, 135 A.2d 395 (1957), to wit:

12. To the extent *Lattanzi* conflicts with the Supreme Court's ruling in *Congini,* this court is not bound by the Superior Court's decision.

... we place minors in three categories based on their ages: minors under the age of seven years are conclusively presumed incapable of negligence; minors over the age of fourteen years are presumptively capable of negligence, the burden being placed on such minors to prove their incapacity; minors between the ages of seven and fourteen years are presumed incapable of negligence, but such presumption is rebuttable and grows weaker with each year until the fourteenth year is reached.

135 A.2d at 401. *See also, Berman v. Phila. Bd. of Education,* 310 Pa.Super. 153, 456 A.2d 545 (1983).

### B. *Conspiracy to Serve Alcohol to Minors*

■ In the present case, liability against the original defendants, and all of the third-party defendants, except the drivers of the vehicles involved in the accident, is premised primarily upon a conspiracy theory— that is, that the defendants conspired together to purchase and furnish alcoholic beverages at a fraternity party knowing that many of the guests would be under twenty-one years of age and that they would be driving to and from the party. Pennsylvania does not recognize such a conspiracy theory.

In *Congini*, the Supreme Court articulated a narrow exception to the general rule against social host liability. The court was particularly aware and sensitive to the fact that it was carving out and extending liability in Pennsylvania to a new area. For this reason, the *Congini* exception must be strictly construed. In a factual scenario similar to the present case, the

Pennsylvania Superior Court refused to extend the *Congini* exception to include a conspiracy theory of liability. In *Lattanzi v. Tori,* 341 Pa.Super. 625, 491 A.2d 925 (1985), the action of each defendant consisted of traveling with the other defendants to New Jersey, purchasing beer and returning back to Pennsylvania where the beer was consumed at the home of one defendant. The complaints alleged that as a direct result of the defendants' illegal conspiracy to purchase, transport and consume alcoholic beverages, one of the defendants became intoxicated, ultimately resulting in an automobile accident in which plaintiff's decedent was killed and a second plaintiff was severely injured.

On appeal from the lower court's dismissal of the complaints, the superior court framed the sole issue before the court as follows:

> Where two or more persons combine to violate 18 P.C.S. § 6308, the underage drinking law, and as a result of overt acts taken in furtherance of that combination, a third party suffers the kind of damages that the statute seeks to prevent, does the third party have a cause of action against the co-conspirators?

Slip op. at 2. The court concluded that although *Congini* and *Douglas* established new causes of action in Pennsylvania, these decisions did not mandate extending social host liability, based on a conspiracy theory, to a group of minors who purchase alcoholic beverages and consume them together. This activity, the *Lattanzi* court concluded, did not amount to furnishing or serving alcohol to a minor within the context of *Congini.*[13] As the court in *Congini* stated:

---

**13.** The *Lattanzi* court distinguished those cases cited by plaintiffs in support of their civil conspiracy theory:

> Appellants argue that if, through a "joint venture" with Kevin E. Coffey and Charles Tori, appellants violated a statute designed to prevent the particular harm which occurred in the instant case, then they should be found "equally culpable either under the Restatement [of Torts Second § 876] or upon a cause of action for civil conspiracy," citing *Jardine v. Upper Darby Lodge,* 413 Pa. 626, 198 A.2d 550 (1964) and *Majors v. Brodhead Hotel,* 416

Pa. 265, 205 A.2d 873 (1965). However, those cases were limited to their facts, which involved situations where liquor *licensees* were held liable under section 493 of the Liquor Code, 47 P.S. § 4–493(1), because they *sold* drinks to a visibly intoxicated person in violation of that section. No allegation was made by the appellants in the present action that either Campbell or Bray were licensees under the Liquor Code. *See Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973) (Concurring Opinion by Pomeroy, J.). As such *Jardine* and

Under our analysis, an actor's negligence exists in *furnishing* intoxicants to a class of persons legislatively determined to be incompetent to handle its effects. It is a person's service which forms the basis of a cause of action, not whether or not a putative plaintiff is entitled to recover.

470 A.2d at 518 (emphasis added).

■■■ The clear thrust of the courts' analysis in *Congini, Douglas* and *Lattanzi* requires that in order for a social host to be found negligent and liable for the damages caused to or by an intoxicated minor, the plaintiff must establish that the defendant actually *furnished* intoxicants to the minor. No Pennsylvania court, however, has specifically addressed the issue of what constitutes "furnishing" or "serving" intoxicants.[14] In order to define what conduct amounts to "furnishing" intoxicants, therefore, the court must direct its attention to other jurisdictions that have addressed this issue.

C. *Conduct Amounting to Furnishing/Serving Alcohol*

  1. *Possessor of Premises Where Minor Consumed Alcohol*

Plaintiffs argue that the tenant/lessee defendants are liable for permitting a party to be held on premises which they possessed, knowing that alcohol would be illegally served to minors. Plaintiffs contend that these defendants violated their duty as possessors of land in that they could have controlled this dangerous activity by simply not allowing the party to take place or by checking the ages of the party guests at the door.

In *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983), a minor held a party at her parent's residence while her parents were away. It was the specific intention of the party host that minors would attend the party. The guests brought with them liquor for the party. The party host did not supply any of the liquor, but knowingly allowed party guests to consume liquor which had been brought into the house by other party guests. One of the minors in attendance at the party consumed alcoholic beverages while at the residence, and subsequently drove his car into a ditch, resulting in a collision with a third party. The court refused to recognize a cause of action under these facts, stating:

An essential element for social host liability is that the guest is "given or furnished" alcoholic beverages by the person from whom recovery is sought. (Citations omitted). Since it is undisputed that Welin [the minor driver] was not "given or furnished" liquor by any member of the Kennedy [host] family, social host liability is inappropriate in the present case, regardless of the fact that Welin was a minor.

338 N.W.2d at 255.

In *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity*, 258 Or. 632, 485 P.2d 18 (1971), a fraternity entered into an agreement with the owners and operators of the Country Squire Recreation Ranch ("Ranch") for the purpose of holding a fraternity party at the Ranch. Fraternity members provided the alcohol, guests were invited which largely consisted of minor college students, and quantities of alcoholic beverages were consumed. One of the guests became intoxicated, and upon leaving the party, lost control of his automobile and drove into a building, injuring plaintiff, a passenger. Suit was commenced against various defendants, includ-

---

*Majors* do not necessarily establish a cause of action here.

**14.** In *Lattanzi*, the Pennsylvania Superior Court refused to extend the *Congini* exception to minor drinking companions or to those who merely contributed money to a common fund used to purchase alcoholic beverages. It is clear from *Lattanzi*, therefore, that, in Pennsylvania, mere participation in the planning of a party where alcoholic beverages are knowingly going to be served to minors, or attendance at that party, or membership in the organization sponsoring the party, is not enough to invoke social host liability. Consequently, in the present case, liability premised only upon membership in DKE-Vill or upon attendance at the fraternity party is insufficient to invoke social host liability.

ing the owners of the Ranch. Plaintiff alleged that since the owners knew that alcohol would be served to minors at the party, and that some of them might leave the premises by automobile, the owners had a duty to protect the plaintiff from the acts of the guests who might become intoxicated. The Oregon Supreme Court rejected the imposition of any such duty upon the owners of the premises and found that any such duty could only be imposed upon the actual hosts of the parties who actually served the intoxicating beverages.

> [T]he fact that these defendants furnished the premises for the party should not impose upon them a duty to protect the guests or others from the actions of persons who are allowed to become intoxicated. A failure to supervise would not be negligent because there was no duty to supervise.

485 P.2d at 22.

This court is persuaded by the reasoning in *Walker* and *Wiener* and finds that allowing a party on one's premises does not constitute furnishing alcohol, and therefore does not invoke social host liability.[15]

### 2. *Purchasing and Transporting Liquor Served to Minors*

Plaintiffs also contend that the purchasing and transporting of alcoholic beverages ultimately consumed by minors at a party amounts to furnishing alcohol. The court finds no support in this position.

In *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity, supra,* an individual member of the fraternity knew of the agreement and arrangement for the party given by the fraternity. That individual member knew that some of the members of his fraternity and other college students in attendance would be minors. Having that knowledge, he purchased alcoholic beverages for the purpose of making

them available for the party and had these alcoholic beverages delivered to the Ranch where the party was held. The Oregon Supreme Court refused to impose liability upon the fraternity member. The court stated:

> As we have already indicated, there may be circumstances under which a person could be held liable for allowing another to become dangerously intoxicated. However, we feel that *liability should not be extended to one who acts only as a conduit in providing alcohol to those who directly serve it to others.* A host has a choice of serving alcohol to whomsoever he pleases. In making that choice, he may decide to serve the alcohol illegally or under circumstances which create an unreasonable risk of harm to others. *We do not think that the harmful consequences of that choice should be visited upon another who has no part in making it and we take this view even where the one supplying the alcohol might have reason to believe that the host is likely to make an unwise choice in dispensing it to others.*

485 P.2d at 22 (emphasis added).

In *Bennett v. Letterly,* 74 Cal.App.3d 901, 141 Cal.Rptr. 682, (1977), the court held that a defendant minor's contribution of money toward the purchase of alcoholic beverages, which were subsequently consumed by a minor companion, did not constitute "furnishing" alcoholic beverages. In *Bennett,* the two minors were the only ones partaking of whiskey, and they poured and mixed their own drinks and served themselves. After consuming his portion of the whiskey, one minor became intoxicated and injured the plaintiff in an automobile accident. In California, as in Pennsylvania, it is a crime for a person to "sell, furnish" alcoholic beverages to any minor. Nonetheless, the California court concluded:

---

**15.** The plaintiffs also premise their cause of action against the tenant/lessees on the ground that they participated in a common plan and scheme with other fraternity members to import alcohol to the premises, to invite minors onto the premises, and to make the alcohol available to the minors. The court has already found that Pennsylvania does not recognize such a conspiracy cause of action against a social host.

*The undisputed facts are that defendant did no more than contribute $2.00 to $5.00 to a common fund intended to be used for the purchase of liquor. There is no evidence that, once the liquor was purchased and brought back to defendant's house, he exercised any control over, or even handled the bottle of whiskey Howell and Baca consumed.* All the evidence indicates that Howell and Baca consumed the entire bottle of whiskey, pouring and mixing their own drinks and serving themselves. *On these facts defendant was not guilty of furnishing an alcoholic beverage ...*

141 Cal.Rptr. at 684 (emphasis added).

▉ This court finds, therefore, that one who purchases or transports alcoholic beverages to a party cannot be liable as a social host for serving alcohol to a minor, even if the purchaser or transporter knows the alcohol will be served to minors.

### 3. *Physically Serving Alcohol Directly to a Minor*

In *Bennett v. Letterly, supra,* the California court stated:

[T]he word "furnish" has been said to mean: " 'To supply; to offer for use, to give, to hand.' " (Citation omitted). It has also been said the word "furnish" is synonymous with the words "supply" or "provide." (Citation omitted). In relation to a physical object or substance, *the word "furnish" connotes possession or control over the thing furnished by the one who furnishes it.* (Citation omitted). *The word "furnish" implies some type of affirmative action on the part of the furnisher.* Failure to protest or attempt to stop another from imbibing an alcoholic beverage does not constitute "furnishing." (Citation omitted).

141 Cal.Rptr. at 684 (emphasis added).

In *Kelly v. Gwinnell,* 96 N.J. 538, 476 A.2d 1219 (1984), a social host at a private residence served approximately thirteen alcoholic beverages to a guest. The host served the guest even though the guest was visibly intoxicated. The host knew that the guest was going to drive, because the host followed the visibly intoxicated guest to his car, and watched the guest drive off. Additionally, the guest was served directly by the host, and both the guest and the host were adults. After recognizing a cause of action against the social host for injuries sustained by a third-party, the New Jersey Supreme Court was careful to limit its holding to the very particular factual situation presented and, anticipating the possibility of more widespread litigation attempting to expand the liability of a social host, held that:

Given the facts before us, we decide only that where the social host *directly serves* the guest and *continues to do so* even after the guest is *visibly intoxicated knowing that the guest will soon be driving home,* the social host may be liable for the consequences of the resulting drunken driving. We are not faced with a party where many guests congregate, nor with guests serving each other, nor with a host busily occupied with other responsibilities and therefore unable to attend to the matter of serving liquor, nor with a drunken host.

476 A.2d at 1228.

▉ It is abundantly clear from a review of all of the above cited cases that "furnishing" alcohol concerns a very specific and limited activity—namely, the physical act of serving alcoholic beverages directly to a minor guest. That is to say, only those who actually serve alcohol directly to a minor guest or are in a position to exercise complete control over the actual dispensing of the alcohol, can be subject to social host liability. In the present case, there is no evidence before the court that any of the defendants were authorized to exercise complete control over the direct dispensing of alcohol to the guests.[16]

**16.** Plaintiffs do contend that the lessee defendants, as possessors of the premises where the party was held, were in a position to exercise control over the dispensing of the alcohol in that they could have forbid allowing the party to be held on their premises, or could have checked the ages of the guests at the door. As previously discussed, however, mere possession

Therefore, for the purpose of the motions before the court, only those defendants whom a jury could reasonably conclude physically served alcohol directly to Corbin Evans during the September 25–26 party can remain as defendants.

Based on plaintiffs' written offers of proof, as supplemented orally at the hearing on September 12th, the court finds that there is no evidence whatsoever, in either the Fassett or Buckley case, that any of the originally named defendants, other than Christopher Troy, actually served alcohol directly to Corbin Evans. While both complaints allege that "all" of the defendants "caused to be served" or "provided" alcohol to Corbin Evans, these general and conclusory allegations fail to state a valid cause of action. Although the evidence suggests that numerous people served as bartenders during the party, plaintiffs were required to present factual allegations as to each individually named defendant, evidencing that he or she directly served alcohol to Corbin Evans. Other than as to defendant Troy, plaintiffs have failed to do so.

As to Christopher Troy, the court is persuaded that there is a genuine issue of fact as to whether Mr. Troy served alcohol directly to Mr. Evans. At the September 12th hearing, counsel for Buckley stated to the court:

> During his deposition it turned out that he [Christopher Troy] worked the bar for part of the time, serving drinks in what he described, I believe, as a free-pour manner to various people who were at the party, some of whom were under the age of 21.

Counsel for Fassett concurred in this offer of proof. Although counsel for Troy vigorously disputes that Mr. Troy served alcohol to Corbin Evans, this is a question of fact

for the jury. A jury could reasonably infer from the fact that Mr. Troy served as a bartender for at least a portion of the party, that he, in fact, served alcohol to Corbin Evans.[17]

As to the third-party defendants, in the Fassett case only Corbin Evans and Nicholas D'Alessandro, the drivers of the automobiles involved in the accident, will remain as parties. Since, in light of the court's ruling above, Bacha is no longer a defendant in the Fassett case, his third-party complaint is rendered moot. Consequently, the court cannot consider third-party plaintiff Bacha's offer of proof.

In the Buckley case, Corbin Evans and Nicholas D'Alessandro will remain as third-party defendants. Additionally, Peter J. Wynne will remain as a third-party defendant. This is based on third-party plaintiff Troy's assertion in his written offer of proof that Mr. Wynne served as a bartender for a portion of the party. Again, a jury could reasonably infer that Mr. Wynne served alcohol directly to Corbin Evans. Since Troy's offer of proof did not state that any other particular third-party defendant served as a bartender or otherwise served alcohol directly to Corbin Evans, all the remaining third-party defendants are dismissed.[18]

The court is not unmindful of the tragedy and hardship that has befallen the parties and the persons associated with the parties in the series of events chronicled in this Opinion. Despite the natural temptation to apply the law to in some way satisfy or relieve the suffering by those affected by the events the court must, as it believes it has done, decide the case in accordance with the law. This Opinion represents what this court believes the law is on each of the addressed issues.

---

of the premises where alcohol is served to minors is not enough to invoke social host liability.

**17.** That is not to say that, after hearing all of plaintiff's evidence at trial, the court might not find such an inference too speculative. The court only finds that plaintiff's offer of proof

satisfies their burden for the purpose of defendant Troy's motion for summary judgment.

**18.** Peter Wynne will not remain as a third-party defendant in the Fassett case because Christopher Troy did not bring a third-party action against Wynne in the Fassett case.