534 A.2d 1099

**Linda J. BEMIS, Administratrix of the Estate of Paul J. Bemis, Deceased, Appellant,**

**v.**

**Alex W. GUMBESKI, Jr., Administrator of the Estate of Michael A. Gumbeski, Deceased and Kim Lang.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1987.

Filed Dec. 7, 1987.

Richard L. Rosenzweig, Pittsburgh, for appellant.

Frank M. Gianola, Pittsburgh, for Gumbeski, appellee.

Mark G. Wade, Pittsburgh, for Lang, appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order sustaining defendant-appellee's preliminary objection in the nature of a demurrer and dismissing the first count of appellant's complaint. Appellant contends that the lower court erred in sustaining the preliminary objection and urges us to extend social host liability to social hosts who serve alcohol to intoxicated adults. For the reasons that follow, we affirm the order of the lower court.

On April 16, 1987, appellant, administratrix of the estate of Paul J. Bemis, deceased, filed a complaint against defendant-appellee Kim Lang and defendant Alex W. Gumbeski, Jr., administrator of the estate of Michael A. Gumbeski, a deceased adult.[1] Appellant alleged that Michael A. Gumbeski had caused a traffic accident between himself and Paul J. Bemis, which resulted in the deaths of both individuals. Appellant further alleged that Michael A. Gumbeski had been intoxicated at the time of the accident. In addition, in Count I of the Complaint, appellant alleged that appellee Lang at whose home Gumbeski had been prior to the accident, should have known that Gumbeski had become intoxicated during his visit and she should not have permitted him to leave her house. Appellee Lang then filed a preliminary objection in the nature of a demurrer on the ground that "Pennsylvania Law does not recognize a cause of action against a social host who provides alcoholic beverages to an adult." The lower court sustained appellee's

---

1. The parties have stipulated that "Michael A. Gumbeski was *sui juris,* not a minor, at the time of the incident complained of." Order of Court, May 20, 1987.

preliminary objection and dismissed Count I of appellant's complaint. This appeal followed.

■ Appellant contends that the lower court erred in sustaining appellee's preliminary objection and dismissing Count I of the complaint. An order dismissing a complaint as to one defendant is a final and appealable order. *See Dash v. Wilap*, 343 Pa.Superior Ct. 584, 495 A.2d 950 (1985). An appellate court's scope of review, however, is limited in cases in which there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer. *See Mahoney v. Furches*, 503 Pa. 60, 66, 468 A.2d 458, 461 (1983). The standard of review is as follows:

> All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purposes of this review.] *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). The question presented by the demurrer is whether, on the facts averred, the law says with a certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960).

*Id.*, 503 Pa. at 66, 468 A.2d at 461–62 (quoting *Vattimo v. Lower Bucks Hosp. Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–33 (1983)).

■ Although Pennsylvania courts have imposed social host liability on a host who served alcohol to a minor, we consistently have declined to similarly impose liability on a host who served alcohol to an adult. *See Klein v. Raysinger*, 504 Pa. 141, 145–48, 470 A.2d 507, 509–11 (1983); *Burkhart v. Brockway Glass Co.*, 352 Pa.Superior Ct. 204, 211, 507 A.2d 844, 847 (1986); *Sites v. Cloonan*, 328 Pa.Superior Ct. 481, 483, 477 A.2d 547, 548 (1984). In *Klein v. Raysinger*, our Supreme Court explicitly refused to recognize a cause of action against a social host who served alcohol to a visibly intoxicated adult, "whom the host knows, or should know, intends to drive a motor vehicle":

the great weight of authority supports the view that in the case of an ordinary able-bodied man, it *is the consumption of the alcohol, rather than the furnishing of the alcohol which is the proximate cause of any subsequent occurrence.* This is in accord with the recognized rule at common law. ... We agree with this common law view, and consequently hold that *there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests.*

*Klein v. Raysinger, supra,* 504 Pa. at 148, 470 A.2d at 511 (emphasis added).

In light of the facts set forth in the first count of appellant's complaint, the single issue for our consideration is whether a social host who has served alcohol to an intoxicated adult guest can beheld liable for a fatal traffic accident later caused by that guest. The law in Pennsylvania is well-settled on this issue: no cause of action will lie against a social host who serves alcohol to an adult guest. *See Klein v. Raysinger, supra.* The lower court, therefore, correctly concluded that appellant failed to state a cause of action against appellee and properly sustained appellee's demurrer. Accordingly, we affirm the order of the lower court dismissing Count I of appellant's complaint.

Order affirmed.