537 A.2d 355

**Kurt JEFFERIS, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania and West Chester University, Theta Chi Fraternity and Ralph Brown.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1987.

Filed Feb. 9, 1988.

Theodore P. Michaels, West Chester, for appellant.

Richard A. Mitchell, Media, for Theta Chi Fraternity, appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

HOFFMAN,* Judge:

This is an appeal from the order of the lower court granting appellee's, the National Chapter of Theta Chi Fraternity, motion for summary judgment. The appellant contends that the lower court erred in granting summary judgment because appellee was not entitled to judgment as a matter of law.[1] We agree, and, accordingly, reverse the order of the lower court and remand the case for proceedings consistent with this opinion.

Appellant, a minor, was injured after consuming liquor at a party hosted by a local chapter of Theta Chi Fraternity. Appellant filed an action in tort arguing that under the social host liability recognized in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983), the fraternity as one entity was negligent per se for furnishing alcoholic beverages to a minor. Appellee, the national fraternity, filed a motion for summary judgment arguing that it did not exert sufficient control over the local chapter to be held liable as a matter of law. Ruling on other grounds, the trial court granted the motion. This appeal followed.

Appellant contends that the trial court erred in granting summary judgment in favor of appellees. We agree. In determining whether to grant a motion for summary judgment, a trial court must decide whether,

---

* This case was reassigned to this writer on January 26, 1988.

1. Appellant lists six issues of alleged error. We express no opinion on any issue other than the one decided upon by the lower court.

under the facts averred, there is any genuine issue of material fact in the absence of which the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b). *See also Sun Ray Drug Co. v. Lawler,* 366 Pa. 571, 573, 79 A.2d 262, 263 (1951). Because the effect of a summary judgment is to put one party out of court, it should be granted only in the clearest of cases. *Mscisz v. Russell,* 338 Pa.Superior Ct. 38, 41, 487 A.2d 839, 841 (1984). On review, we must examine the evidence in the light most favorable to the non-moving party and any doubts must be resolved against the entry of summary judgment. *Harris by Harris v. Easton Publishing Co.,* 335 Pa.Superior Ct. 141, 152, 483 A.2d 1377, 1383 (1984).

Here, the trial court found, without articulating its reasons, that appellee could not be held liable as a matter of law. Lower Court Order, June 19, 1986. In its opinion, filed pursuant to Pa.R.A.P. 1925(a), the trial court referred us to its June 19th order, and, in support of that order, cited as precedent the then-recently announced federal case *Fassett v. Poch,* 625 F.Supp. 324 (E.D.Pa.1985). In *Fassett,* the district court interpreted our Commonwealth's social host liability law to preclude recovery from any defendant who did not actually and physically serve alcohol to a minor. *Id.* at 336.[2] Because the trial court offered no basis for its opinion other than merely citing *Fassett,* we can only surmise that it granted summary judgment in favor of appellee under the reasoning used in that case.[3] We disagree with the *Fassett* court's interpretation of Pennsylvania's social host liability law, and, accordingly, hold that the trial court erred in relying upon it as the basis for its ruling.[4]

**2.** Because the trial court held that *no* party could be held liable who did not actually and physically provide the minor with alcohol the court did not reach the national fraternity's argument that it did not exert sufficient control over the local fraternity to be held liable for its actions. We note that this question of agency may have to be reached at some point in this case.

**3.** For this reason, we would prefer that a trial court state the rationale in support of its holding rather than simply citing precedent.

**4.** The reasoning employed in *Fassett* is incorrect on its face in that the case recognizing social host liability in Pennsylvania involved a corpo-

■ It is the duty of the courts of Pennsylvania to interpret the laws of the Commonwealth. Our Supreme Court first addressed the issue of social host liability in the companion cases of *Congini v. Portersville Valve Co.*, *supra* and *Klein v. Raysinger*, 504 Pa. 141, 470 A.2d 507 (1983).[5] *Klein* concerned plaintiffs injured in an automobile accident by a drunken adult driver. In addition to suing the driver for damages, the plaintiffs also sued the social hosts who had served the driver intoxicating beverages. Our Supreme Court concluded that it would not impose liability in a social host situation when an *adult* had been served alcohol. *Id.*, 504 Pa. at 148, 470 A.2d at 516.

In *Congini*, however, the intoxicated driver who had been served by the social host was a minor. *Congini v. Portersville Valve Co., supra* 504 Pa. at 160, 470 A.2d at 516. The *Congini* court reasoned that liability may be found in social host situations involving minors because the legislature has "[M]ade a judgment that persons under twenty-one years of age are incompetent to handle alcohol." *Id.*, 504 Pa. at 161, 470 A.2d at 517 (citing 18 Pa.C.S.A. § 6308). This, the Court held, distinguished the case from the adult intoxicated driver situation in *Klein*. The Court further noted that a person may be criminally liable as an accomplice for furnishing a minor with alcohol, *id.* (citing 18 Pa.C.S.A. § 306), and that civil liability may be premised upon the requirements of a legislative enactment designed to protect a similar class of interests or individuals. *Id.* (citing Restatement (Second) Torts § 286 (1977)). The Court concluded that as the legislature had imposed a measure of crimi-

rate defendant. *See Congini v. Portersville Valve Co., supra.* We additionally note that the Court of Appeals for the Third Circuit agreed with out assessment of the *Fassett* reasoning by reversing the District Court. *See Fassett v. Poch*, 807 F.2d 1150 (1986). We agree with Judge Garth's opinion in that case, and employ much of his reasoning here.

5. We note that our Supreme Court has recently reaffirmed the principle that social hosts who furnish a minor with alcohol are potentially liable for damages resulting from the minor's intoxication in the companion cases *Orner v. Mallick*, 515 Pa. 132, 527 A.2d 521 (1987) and *Matthews v. Konieczny*, 515 Pa. 106, 527 A.2d 508 (1987). Neither case, however, directly affects our holding here.

nal accomplice liability upon a person who furnishes a minor alcohol, the same principle would be imposed in civil situations. *Id.* The Court then held that social hosts who furnish a minor with alcohol were potentially liable for damages resulting from that minor's intoxication. *Id.*, 504 Pa. at 162, 470 A.2d at 518. While recognizing the existence of such liability, however, the Court did not determine the scope of liability for social hosts. That, therefore, is our task in this case.

As the basis of social host liability in *Congini* was premised upon the criminal accomplice statute, we must look to that statute to begin to define the limits of civil liability. The accomplice statute, in pertinent part, reads:

A person is an accomplice of another in the commission of an offense if:

(1) with the intent of promoting or facilitating the commission of the offense, he:

(i) solicits such other person to commit it; or

(ii) aids or agrees or attempts to aid such person in planning or committing it. . . .

18 Pa.C.S.A. § 306(c). The statute, therefore, mandates that in order to impose criminal liability upon a defendant under an accomplice theory, the Commonwealth must prove that the defendant both *intended* to act to promote or facilitate the commission of an offense, and that he or she did in fact *act* to promote or facilitate the offense. *See Commonwealth v. Scoggins*, 451 Pa. 472, 480, 304 A.2d 102, 107 (1973); *Commonwealth v. Jones*, 213 Pa.Superior Ct. 504, 508, 247 A.2d 624, 626 (1968). For example, mere presence at the scene of the crime will not establish accomplice liability. *Commonwealth v. Smith*, 490 Pa. 374, 377, 416 A.2d 517, 518 (1980). In our situation, the prohibited act is the consumption of alcohol by a minor. Accomplice liability attaches to those actors who furnish the alcohol to the minor, or promote that end. *See Congini v. Portersville Valve Co., supra* 504 Pa. at 161, 470 A.2d at 517.

Our analysis of the limits of liability in a social host situation involving a minor does not, however, end with our

review of the pertinent criminal accomplice statute. Because the liability here is civil in nature, in order to make an accurate transition from criminal liability we must look to similar civil concepts involving liability in tort in situations where a person acts in concert with another. Section 876 of the Restatement (Second) Torts reads:

> For harm resulting from the tortious conduct of another, one is subject to liability if he
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*Id.*

Both the criminal accomplice statute and the Restatement require an intent to act and an act. The Restatement, however, adds the further element that the act must have been a substantial factor in assisting in the commission of the tort. Factors relevant to determining whether the defendant's act was a substantial factor in the commission of the tort include, but are not limited to, the nature of the act encouraged, the amount of assistance given, the defendant's presence or absence at the time of the tort, the defendant's relation to the tortfeasor and the foreseeability of the harm that occurred. *See* Restatement (Second) Torts § 876 (1977), Comment on Clause (b). A synthesis of the criminal and civil elements provides us with the following test which we conclude should be used to determine the extent of liability in a social host situation involving an intoxicated minor:

> (1) the defendant must have intended to act in such a way so as to furnish, agree to furnish or promote the furnishing of alcohol to the minor, and

(2) the defendant must have acted in a way which did furnish, agree to furnish, or promote the furnishing of alcohol to the minor, and

(3) the defendant's act must have been a substantial factor in the furnishing, agreement to furnish, or the promotion of alcohol to the minor.

In light of the test announced in this case, the question to be answered by the trial court is whether the appellee, the National Fraternity, intentionally rendered substantial assistance to the minor appellant in his consumption of alcohol. Because of the trial court's error of law and the resulting posture of this case, we cannot determine on the pleadings whether there is a genuine issue of fact the absence of which would entitle either party to summary judgment. *Sun Ray Drug Co. v. Lawler, supra.* We therefore reverse the order of the trial court granting summary judgment in favor of appellee and remand the case for proceedings consistent with this opinion.[6]

Reversed and remanded. Jurisdiction is not retained.

CIRILLO, President Judge, files a concurring opinion.

ROWLEY, J., files a concurring and dissenting opinion.

CIRILLO, President Judge, concurring:

This court is obliged to follow the ruling of our supreme court in *Congini v. Portsville Valve Company,* 504 Pa. 157, 470 A.2d 515 (1983), and it is for this reason that I join in Judge Hoffman's opinion. I write separately to express my disagreement with our supreme court's creation of a common law cause of action for vicarious social host liability, and join in the observation of our high court in *Manning v. Andy,* 454 Pa. 237, 239, 310 A.2d 75, 76 (1973): "[A] decision of this monumental nature is best left to the legislature." In my opinion, the judiciary is least equipped

---

**6.** We note that the trial court may wish to consider any further evidence relevant to the test announced in this case proffered by the parties.

to resolve the competing considerations implicated by such a cause of action.

ROWLEY, Judge, concurring and dissenting:

I concur in the majority's decision to vacate the trial court's order granting summary judgment in favor of appellee. However, I do not agree with the standard adopted by the majority for determining the vicarious liability of a corporation or organization for providing alcohol to a minor.

The majority asserts that the basis for the social host liability to a minor announced in *Congini by Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983), is the criminal accomplice statute, 18 Pa.C.S. § 306. However, my reading of *Congini* convinces me that the *accomplice* provision of the Crimes Code was *not* the basis of the civil liability discussed in that case.

In *Congini*, the Supreme Court stated:

Under Section 6308 of the Crimes Code 18 Pa.C.S. § 6308, a person "less than 21 years of age" commits a summary offense if he "attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages." Furthermore under Section 306 of the Crimes Code, 18 Pa.C.S. § 306, an adult who furnishes liquor to a minor would be liable as an accomplice to the same extent as the offending minor.

*Id.*, 504 Pa. at 161, 470 A.2d at 517. While clearly the Court mentioned § 306 accomplice liability, the paragraph in which the Court set forth its holding manifests the basis of the holding as being only § 6308. The Court stated:

Section 6308 of the Crimes Code represents an obvious legislative decision to protect both minors and the public at large from the perceived deleterious effects of serving alcohol to persons under twenty-one years of age. Thus, we find that defendants were negligent per se in serving alcohol to the point of intoxication to a person less than twenty-one years of age, and that they can be held liable for injuries proximately resulting from the minor's intoxication.

*Id.,* 504 Pa. at 162–163, 470 A.2d at 518. This language indicates that the support for a per se finding of negligence when alcohol is made available to a minor is the legislative intent to protect minors and the public, rather than the legislative intent to make an adult liable as an accomplice. For this reason, I do not join in the majority's conclusion that the limits of civil liability for serving alcohol to minors should be analyzed in light of criminal and civil *accomplice* principles.

The basis for the per se liability established in *Congini* extends even to liquor licensees. In *Matthews v. Konieczny,* 515 Pa. 106, 527 A.2d 508 (1987), the Supreme Court stated that an adult who dispenses alcohol to a minor is *per se* negligent because the Crimes Code prohibits minors purchasing or consuming alcohol. The fact that the person making the alcohol available to the minor is a licensee is of little consequence. *Matthews, Id.,* 515 Pa. at 112, 527 A.2d at 511. ("Since the code's provisions apply with equal force to licensees as well as non-licensees, the rationale of *Congini* is equally applicable here.") Therefore in order to analyze who may be liable for providing alcohol to a minor, we need not limit ourselves to those cases involving non-licensees.

In the instant case, the issue is to what extent someone other than the actual server or provider of alcohol may be vicariously liable for the per se negligence of the one immediately responsible for making the alcohol available to the minor.[1] Although this issue was not explicitly before

1. Although *Alumni Association v. Van Kingsley Sullivan,* 369 Pa.Super. 596, 535 A.2d 1095 (1987) involved vicarious social host liability for service of alcohol to minors, that case is distinguishable from the present case. In *Alumni Association,* the issue before the court was whether or not the complaint stated a cause of action, and thus should the preliminary objections to the complaint be sustained. The present case, however, does not involve preliminary objections and a determination of whether or not a complaint in fact is sufficient to state a cause of action, but whether a summary judgment can be entered on the basis that as a matter of law there can be no vicarious social host liability for service of alcohol to minors. These two issues are separate and distinct, and therefore I do not find *Alumni Association* to be relevant to the inquiry here.

the Court in either *Congini* or *Matthews,* in *Congini* the Court determined that it was error to grant the corporate employer's preliminary objections in the nature of a demurrer because the corporate employer was potentially liable when a minor was served alcohol at a party the employer was hosting. Similarly, in *Matthews,* the Court held that summary judgment in favor of the corporate liquor licensee must be vacated because the corporate liquor licensee was potentially liable. In both cases, the Supreme Court remanded the case to the trial court, and yet in neither case did the Supreme Court direct the trial court upon remand to determine whether the corporations "intentionally rendered substantial assistance to the minor appellant in his consumption of alcohol," even though technically it was not the corporations which immediately provided the alcohol to the minors but an individual working on behalf of the corporations.

In Pennsylvania, one is ordinarily not liable for the negligent acts of another unless there is a relationship of master and servant or principal and agent. *Fuller v. Palazzolo,* 329 Pa. 93, 197 A. 225 (1938). However, a principal will be liable to third parties for the "frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, although the principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them." *Aiello v. Ed Saxe Real Estate, Inc.,* 508 Pa. 553, 562, 499 A.2d 282, 287 (1985). In *Congini* and *Matthews,* the corporate employer and licensee, respectively, undeniably had a relationship of master and servant with the person who actually provided the minors with alcohol in each case.

Therefore, in my opinion, the test which should be applied to determine if a person or entity, other than the actual server or provider of alcohol to a minor, may be liable for serving the minor, is whether or not the person or entity is in a master/servant or principal/agent relationship with the

actual server. Upon remand, I would direct the trial court to reconsider appellee's motions for summary judgment in light of whether or not appellee was in the position of principal, master or employer with the individual who actually served appellant alcohol.

Additionally, I think it is essential to note that whether appellee, Grand Chapter Theta Chi Fraternity, may be entitled to judgment as a matter of law on another issue raised by it, but not decided by the trial court, is not before us. The trial court has addressed the merits of no other argument advanced by the appellee as a basis for summary judgment in its favor, e.g., whether or not it is the party named as a defendant, and therefore whether or not it is even a party to the case. Therefore, I express no opinion, and I do not understand the majority to do so, as to the propriety or impropriety of granting summary judgment on any other basis. As I understand the majority Opinion, upon remand, the trial court shall reconsider appellee's motion for summary judgment on the basis that it cannot be vicariously liable for the acts of the local Theta Chi Fraternity. If the trial court determines that summary judgment should not be granted on this basis, then it should consider the other grounds for summary judgment asserted in appellee's original motion for summary judgment.