## Seig v. Wilkes College

*Robert A. Mazzoni,* for plaintiff.
*George A. Spohrer* and *Michael A. Brady,* for defendant.

TOOLE, *J.,* September 22, 1989 — This matter comes before the court upon preliminary objections of defendant, Wilkes College. The matter has been briefed and argued and is now ripe for resolution.

This action was initiated to recover for injuries sustained on March 21, 1987, when George Seig, a full-time first-year Wilkes College student, attempted to ride a handrail from a third floor to a second floor in a dormitory known as Pickering Hall. Unfortunatelly Seig was intoxicated at the time and as a result lost his balance and plummeted

two stories. The fall that evening was preceded by a number of stops at various places as well as the consumption at those stops of alcoholic beverages in violation of Pennsylvania laws since at the time Seig was less than 21. Among the stops it is alleged that Seig was provided with intoxicating liquors and brewed beverages by other residents at Pickering Hall. Allegedly Seig became intoxicated to the point that his judgment and motor functions were impaired and compromised as a result of the consumption of alcohol at the various places and times that evening.

Seig initiated this action seeking compensatory and punitive damages against a number of defendants including Wilkes College.

Wilkes has filed a preliminary objection in the nature of a demurrer to the negligence and punitive damage claims. It contends that since Seig failed to allege that Wilkes *furnished* alcohol to him that he has failed to plead a cause of action recognizable in the Commonwealth of Pennsylvania. Wilkes contends that *Alumni Association v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095 (1987) provides that the only narrow exception to the general rule against social host liability is those cases where the person knowingly serves or furnishes alcohol to minors and that the case is dispositive of the matter.

Wilkes also insists that the allegations in Seig's complaint assert nothing more than a laxity or permissiveness upon its part regarding the prohibition of consumption of alcoholic beverages by minor residents and that there is no liability for such conduct.

The complaint alleges:

"(36) In addition to the above, the aforementioned accident and injuries to plaintiff, George E. Seig, were further caused, in whole or in part, by the further negligence of defendant, Wilkes Col-

lege, said negligence consisting of the following:

"(A) Failure to prohibit the possession, service and consumption of alcoholic beverages by residents of Pickering Hall.

"(B) Failure to inspect rooms of residents in Pickering Hall for the illegal possession and consumption of alcoholic beverages.

"(C) Failure to have and/or implement alcoholic beverage policy prohibiting the possession and/or consumption of alcohol by residents and others who are under the statutory age.

"(D) Providing, encouraging, promoting and/or permitting an atmosphere or environment for the consumption of alcoholic beverages by minor residents and others.

"(E) Aiding, assisting, promoting, and abetting the minor residents and others of Pickering Hall in the possession, service, and/or consumption of alcoholic beverages by providing an environment in which said consumption was allowed, condoned, and/or encouraged.

"(F) Failure to provide sufficient and adequate supervision of activities within Pickering Hall.

"(G) Failure to take whatever other measures that were necessary to prevent the possession, service, and consumption of alcoholic beverages by minors and others in Pickering Hall."

Seig contends that the instant pleading sufficiently states a cause of action within the social host liability precedent stated in *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983) and its progeny; *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3d Cir. 1986); *Meyers v. Koman,* 36 D.&C. 3d 229 (1984); *Macleary v. Hines,* 817 F.2d 1081 (3d Cir. 1987); and *Jeffries v. Commonwealth,* 371 Pa. Super. 12, 537 A.2d 355 (1988). We agree.

In *Jeffries v. Commonwealth, supra,* the court directed that the following test should be used to determine the extent of liability in a social host situation involving an intoxicated minor:

"(1) The defendant must have intended to act in such a way so as to furnish, agree to furnish or promote the furnishing of alcohol to the minor, and

"(2) The defendant must have acted in a way which did furnish, agree to furnish, or promote the furnishing of alcohol to the minor, and

"(3) The defendant's act must have been a substantial factor in the furnishing, agreement to furnish, or the promotion of alcohol to the minor."

We believe the cases relied upon by plaintiff expand the social host liability beyond the mere serving and/or furnishing of alcoholic beverages to minors. We find no difficulty in asserting that the promotion of consumption by a college is and should be a basis for the assertion of liability. Certainly the person who promotes the consumption of alcohol is and should be held to the same degree of liability as the person who actually serves it. The question before us today is not whether Wilkes is or is not liable, but whether the complaint sufficiently alleges a cause of action. We are satisfied that the allegations in this complaint are sufficient to withstand the asserted demurrer.

We certainly agree with Wilkes that the college is not an insurer of the safety of its students and mere ownership of the dormitory where the incident took place does not impose liability. However, the pleaded facts are not that limited.

It is evident that as society has changed so have our laws. In the last several years social host liability was expanded resulting in a greater responsibility when such substances were inappropriately furnished. This is especially true in the area of underage

drinking. The cases cited by the parties thoroughly review the history of social host liability in this commonwealth. Clearly, we cannot close our eyes to the rising underage drinking problems which exist in our communities and on our campuses and the seriousness of the consequences which follow such consumption. Seig was under 21 and thus a member of a class of persons who the legislature has determined to be incompetent to handle the effects of alcohol. We cannot agree with Wilkes that liability can be imposed only when the college actually furnishes the liquor and that if it merely condones or promotes such consumption without actually furnishing the alcohol, there is no liability. We believe it is just as culpable to promote the consumption of alcohol by minors as it is to actually furnish the alcoholic beverages. It is just as wrong to urge them to consume alcohol as it is to hand it to them. We reject the contention that liability only attaches when the alcoholic beverage is actually given to the student. The consumption of alcohol by a minor is illegal and it is therefore inappropriate for anyone — a college included — to permit, condone or facilitate such consumption by students under its supervision and control. We believe Wilkes' position is contrary to the spirit and intent of the legislature and the courts in promulgating and interpreting the law in this area.

Let there also be no doubt that our decision today certainly does not give a green light to or open the flood gates for every possible case alleging social host liability. Similarly, we do not believe our decision contravenes or even expands the existing Pennsylvania law in this area. Rather, we view our opinion as applying the law to the pleaded facts before us and as such we conclude that the burden for sustaining a demurrer has not been met. It may well be that Seig

will not be able to prove that Wilkes intended to and did in fact promote the furnishing of the alcohol to Seig. It may also be that Seig will be unable to prove that Wilkes' conduct was a substantial factor in the promotion of that alcohol. In short, whether Seig will be able to establish the necessary elements set forth in *Jeffries* is a matter of evidentiary proof for trial, but we are satisfied at this state that the pleading is legally sufficient.

We also find and conclude that the allegations in the complaint sufficiently plead a basis for a claim of punitive damage. Indeed, if a college intentionally promotes the consumption of alcoholic beverages by minors in violation of the law that conduct is outrageous and is and should be a basis for the award of punitive damages.

Once again, we are not stating nor do we mean to infer that Wilkes has acted outrageously or with reckless indifference or that it is in any way responsible for these injuries or in any way liable for Seig's injuries and damages. All we are saying at this procedural state of the case is that Seig has sufficiently pleaded his cause of actions. Whether he will ever be able to prove them remains to be seen.

Our disposition should also not be construed as in any way approving or condoning the consumption of alcohol by Seig or any other person under 21 years of age in violation of Pennsylvania state law. Indeed, we strongly condemn such violations and it may well be that Seig's conduct will ultimately preclude any recovery for his injuries in this case. Again, that is a matter to be determined at a later state in this proceeding.

According, we enter the following

## ORDER

It is hereby ordered and decreed that the preliminary objections filed by defendant, Wilkes College, are overruled and said defendant shall have the right to plead over within 25 days from the date of this order.