**Cassaro v. Zodiac Tour and Travel Inc.**

*Robert A. Mazzoni,* for Cassaro plaintiffs.
*Henry C. McGrath,* for plaintiff Robinson.
*Charles F. Wilson,* for Davis plaintiffs.
*John R. Lenahan Jr.,* for defendants Zodiac Tour and Travel Inc., Stephen Carne and Mary Hayslett.

O'MALLEY, *J.,* October 10, 1989 — This matter concerns a tragic accident which occurred on October 25, 1986. It is alleged in the complaint for wrongful death and survival filed by Patrick A. Cassaro Jr. and Rose Ann Cassaro, in their capacity as parents and as administrators of the estate of Patrick A. Cassaro III, deceased, that on that date one Richard P. Gillott (the administrator of whose estate, Robert F. Gillott Sr., is a defendant, along with others herein) and other persons from the Carbondale area attended a football game at the Meadowlands, East Rutherford, New Jersey; that Gillott, and/or other members of the group, arranged with defendant Zodiac Tour and Travel Inc. to provide transportation to and from the game; that defendant Mary Hayslett was an employee and/or office holder of Zodiac and defendant Stephen Carne was an employee of Zodiac and the driver of the bus which was the means of transportation; that all the passengers on the bus were minors and that they brought with them, onto the bus owned by Zodiac, beer and/or other alcoholic beverages which were

consumed by them on the trip to and from the game; and that the alcoholic beverages were consumed in full view and with the knowledge of the driver, Carne.

Apparently, the bus returned to Carbondale safely and discharged its passengers intact. However, Richard Gillott, after leaving the bus, then took a drive in his Toyota car and picked up plaintiff's decedent and three other boys. It is averred that on the above date plaintiff's decedent was riding in the car with four other minors, one of which was Richard P. Gillott, who was the driver; that the car veered off the road, hit a tree, burst into flames and all the occupants were fatally injured; and that as the result of Richard Gillott's consumption of alcoholic beverages on the said bus, his ability to drive a motor vehicle was significantly impaired and compromised.

The negligence of Zodiac, and Carne and Hayslett individually and as agents of Zodiac, it is alleged, was the failure to stop, discover and prevent the intoxicants from being brought on and consumed in the bus, or warn the minor passengers of a prohibition against alcohol and having no policy concerning same; "[p]roviding and encouraging an atmosphere or environment for the consumption of beer and/or alcoholic beverages by the minor occupants, and this conduct was a substantial factor in bringing about the intoxication of Richard P. Gillott, and this conduct was a substantial factor in causing the accident and subsequent fatalities;" "[a]iding and abetting the minor occupants/passengers in the consumption of beer and/or alcoholic beverages by providing an environment in which said consumption was allowed, and/or encouraged, and that this assistance was a substantial factor in bringing about the intoxication of Richard P. Gillott, as well as the

subsequent accident and subsequent fatality;" and failure to provide adult supervision.

Defendants Zodiac, Stephen Carne individually and as agent for Zodiac, and Mary Hayslett, individually and as agent for Zodiac, have filed a motion for judgment on the pleadings. It is their contention that there can be no cause of action against them with regard to any possible alcohol consumption by the decedent/driver since they did not serve or furnish alcoholic beverages to him; that they were not a social host, on the occasion of the accident, under Pennsylvania law; that even if they were a social host they are not liable because the three-prong test enunciated in *Jefferis v. Commonwealth of Pennsylvania,* 371 Pa. Super. 12, 537 A.2d 355 (1988) has not been met; that they had no duty to plaintiff's decedent because the decedent was not a foreseeable plaintiff; and that plaintiff's decedent's death was not proximately caused by the moving defendants' conduct. Because we do not believe a summary judgment pertaining to these particular defendants is proper, in the case before us, their motion will be denied.

A motion for judgment on the pleadings may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be fruitless. *Sippos by Sippos v. Richards,* 116 Pa. Commw. 124, 541 A.2d 413 (1988). All of the well pleaded allegations of the party opposing the motion must be accepted as true. *Wade v. Heisey,* 243 Pa. Super. 8; 64 A.2d 423 (1976).

It does not brook argument that actual serving of an intoxicating beverage to a minor is not necessary in order for liability to be present. *Jefferis v. Commonwealth of Pennsylvania, supra; Meyers v. Koman,* 36 D.&C. 3d 229 (1984).

The pernicious and pervasive problem of under-

age drinking in our society has been judicially remarked upon. *Congini by Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983); *Fasett v. Delta Kappa Epsilon*, 807 F.2d 1150 (3d Cir. 1986).\* In Pennsylvania, as elsewhere, statutes have been enacted to constrain this practice. 18 Pa.C.S. §6308. Nevertheless, these defendants argue that, in allowing the minors to board Zodiac's bus (which Zodiac and its agents controlled) with intoxicants; in furnishing them with a habitat to consume the beverages without objection or prevention and in providing the means for a rolling party which no passenger could leave without being stranded, defendants were not acting as a social host. We do not agree. In ascertaining the meaning of the "social host" and in the context of the law's concern with underage drinking, a fair definition would be a defendant who knowingly and intentionally allows premises over which he has control to be used for the purpose of consumption of alcohol by minors. *Macleary v. Hines*, 817 F.2d 1081 (3d Cir. 1987). With this definition, we believe defendants' second argument has been met.

The three criteria set forth in *Jefferis v. Commonwealth of Pennsylvania, supra,* which constitute the test to be used to determine the extent of liability in a social host situation involving an intoxicated minor are as follows:

"(1) the defendant must have intended to act in such a way so as to furnish, agree to furnish or promote the furnishing of alcohol to the minor, and

---

\* "The propensities of alcohol consumption to create aggressive, combative and often reckless behavior in adults is legendary; surely, it cannot be averred that such behavior is any less likely to result from the consumption of alcohol by those deemed legally incompetent as a class to handle its effects." *Alumni Ass'n. v. Sullivan,* 396 Pa. Super. 596, 535 A.2d 1095 (1987).

"(2) the defendant must have acted in a way which did furnish, agree to furnish, or promote the furnishing of alcohol to the minor, and

"(3) the defendant's act must have been a substantial factor in the furnishing, agreement to furnish, or the promotion of alcohol to the minor."

The question to be answered is whether these defendants intentionally rendered substantial assistance to the decedent Gillott in his consumption of alcohol. *Jefferis, supra.* From the averments plaintiffs have made in their complaint, we cannot say, with regard to the above test, defendants have so escaped its application as to make a trial in this matter fruitless.

## *Duty/Foreseeability*

Moving defendants argue that they did not have a duty to plaintiff's decedent because he was not a foreseeable plaintiff. We do not agree.

In the context of a negligence action, it is fundamental that the plaintiff establish the duty owed by the defendant, the breach of which might give rise to injuries alleged to be suffered by the plaintiff. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). In determining the existence of a duty of care, the time-honored test formulated by Judge Cardozo is that "[t]he risk reasonably to be perceived defines the duty to be obeyed. . . . " *Palsgraf v. Long Island Railroad Co.,* 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928), rearg't denied 249 N.Y. 511, 164 N.E. 564; *Migyanko v. Thistlethwaite,* 275 Pa. Super. 500, 419 A.2d 12 (1980). It has been commented that *Palsgraf* stated the issue of foreseeability in terms of duty and involved what may be called, instead of unforeseeable consequences, the unforeseeable plaintiff. Prosser and Keeton on Torts at 284 (5th ed. 1984).

Duty, in any given situation, is predicated on the relationship existing between the parties at the relevant time. Where, as here, the parties are strangers to each other, such a relationship may be inferred from the general duty imposed on all persons not to place others at risk of harm through their actions. *Zanine v. Gallagher*, 345 Pa. 119, 497 A.2d 1332 (1985). Our Superior Court has pointed out that the conclusion reached by our Supreme Court in *Congini* was that intoxicated minors are likely to operate motor vehicles while under the influence, creating a foreseeable risk of harm to life and property. *Alumni Ass'n. v. Sullivan, supra,* 396 Pa. Super. 596, 535 A.2d 1095 (1987).

We think that this conclusion disposes of the matter of duty/foreseeability. At this stage, we cannot say plaintiff's decedent was, to these defendants, an unforeseeable victim, whether as a passenger or pedestrian, of an allegedly intoxicated minor motorist who fell into that state in a habitat furnished and controlled by Zodiac and its agents. Only when the question of foreseeability is undeniably clear may a court rule as a matter of law that a particular defendant did not have a duty to a particular plaintiff. *Metts v. Griglak,* 438 Pa. 392, 264 A.2d 684 (1970).

### Proximate Cause

Defendants argue that the facts of the present case clearly show that any of their actions, even assuming Gillott and others drank intoxicants on the bus, were too remote from the harm arising to plaintiff's decedent, i.e. that any of their actions could not be a proximate cause of the fatal injuries. We do not agree.

Proximate causation, or legal causation, with re-

spect to negligent conduct is a term familiar in tort law, as to which a considerable body of law has developed. It generally denotes more than mere causation-in-fact, and serves as a means by which courts are able to place practical limits on liability as a matter of policy. *Wisniewski v. Great Atlantic and Pacific Tea Co.*, 226 Pa. Super. 574, 323 A.2d 744 (1974). Proximate cause is a term of art and may be established by evidence that a defendant's negligent act or failure to act was a substantial factor in bringing about the harm inflicted upon a plaintiff. *Denardo v. Carneval*, 297 Pa. Super. 484, 444 A.2d 135 (1982); *Klages v. General Ordinance Equipment Corp.*, 240 Pa. Super. 356, 367 A.2d 304 (1976). The determination of whether the conduct of the defendant was a substantial cause of the plaintiff's harm should not be taken from the jury if the jury may reasonably differ as to whether the conduct of the defendant was a substantial cause. *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977); *Hoover v. Sackett,* 221 Pa. Super. 447, 292 A.2d 461 (1972).

Here, defendants say, even if Gillott and others were negligently allowed to consume alcoholic beverages on Zodiac's bus, he was safely deposited in Carbondale and defendants' actions or failure to act could not be a proximate cause since they were not a substantial factor in bringing about the harm inflicted. To skew a metaphor, could defendant, Carne, allow a bomb to be fashioned on the bus and then, after letting the ticking bomb alight from the vehicle, close the door and drive away so as to insulate himself and the other moving defendants from the consequences? We cannot answer yes, either as a matter of law or upon the facts as they presently appear, that plaintiff's decedent was an unforeseeable victim when the door was closed.

## ORDER

Now, October 10, 1989, for the reasons set forth in the accompanying opinion, the motions for judgment on the pleadings filed by defendants Zodiac Tour and Travel Inc., Mary Hayslett individually and as agent for Zodiac Tour and Travel Inc., and Stephen Carne individually and as agent for Zodiac Tour and Travel Inc., are denied.