## Vigilante v. Knights of Columbus

*James A. Nardelli,* for plaintiffs.

*Scott Millhouse, Wesley Long, John R. Orie Jr., Edward Rowe* and *Ralph Spencer,* for defendant Knights of Columbus.

LOUGHRAN, *J.,* January 22, 1990 — Defendant, Knights of Columbus, has moved for summary judgment in the above matter. The facts giving rise to plaintiffs' complaint and defendants' motion are as follows.

Defendants Robert L. Kowalkowski and Gloria Kowalkowski leased the social hall of the Knights of Columbus, New Kensington Counsel no. 1381, for the

purpose of having a high school graduation party. The leased premises was a social hall which was not licensed by the Pennsylvania Liquor Control Board for the sale of alcoholic beverages. A key for the premises was given to Mr. and Mrs. Kowalkowski and they opened and closed the premises and controlled the graduation event. Allegedly, Mr. and Mrs. Kowalkowski purchased a keg of beer and tap from an outside source and brought the same to the leased premises. There were no employees, agents, servants, workmen or supervisory personnel of the Knights of Columbus assigned or directed to regulate the event or the social hall. Allegedly, minors consumed alcoholic beverages on the premises at the party and an automobile accident occurred resulting in the deaths of the minor plaintiffs, with the driver of the vehicle being in an intoxicated condition.

There is no evidence whether the Knights of Columbus served, furnished or provided alcoholic beverages to a minor or otherwise actively participated in the consumption of alcoholic beverages by a minor. Plaintiffs, however, point out that there was a beer cooler on the premises and that an officer of the Knights of Columbus was present at the graduation as a guest. However, the evidence also reveals that the beer cooler was locked and that the use of the cooler was restricted to times when the Knights of Columbus held their lodge meetings. Also, an officer of the lodge present at the party was not in attendance at the direction of the lodge and at the time of the party was not acting in his capacity as an officer of the lodge.

The Knights of Columbus argue that they in no way acted in a manner to furnish promote or agree to furnish, or promote alcoholic beverages to a minor, so as to act as any substantial assistance to any negligence resulting in the death of the minor plaintiffs.

The controlling case in matters of this sort is the

Supreme Court's decision *Congini by Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983). In *Congini,* the Supreme Court extended the scope of liability to include social hosts, who knowingly serve or furnish alcoholic beverages to a minor. The Supreme Court in *Congini* did not determine the scope of liability for social host. The important fact in *Congini* was that the intoxicated driver had actually been served the alcoholic beverages by the social host.

Further expansion of social host liability occurred in the case of *Jefferies v. Commonwealth of Pennsylvania,* 371 Pa. Super. 12, 537 A.2d 355 (1988). The Superior Court of Pennsylvania in *Jefferies* adopted much of the reasoning of the Court of Appeals for the Third Circuit in the case of *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3d Cir. 1986) and extended social host liability to defendants who did not actually furnish, serve, or provide the alcoholic beverages to the minor. The extension occurred through the Criminal Accomplice Statute, 18 Pa.C.S. §306(c). The *Jefferies* court established a test which should be used to determine the extent of liability in a social host situation involving an intoxicated minor as follows:

"(1) The defendant must have intended to act in such a way so as to furnish, agree to furnish, or promote the furnishing of alcohol to the minor, and

"(2) The defendant must have acted in a way which did furnish, agree to furnish, or promote the furnishing of alcohol to the minor, and

"(3) The defendant's act must have been a substantial factor in the furnishing, agreement to furnish, or the promotion of alcohol to the minor."

The Superior Court, in a case decided a month and a half prior to *Jefferies,* sustained preliminary objections in the nature of a demurrer filed by two defendants who were landowners where the evidence was such that the landowners did not actually fur-

nish or serve alcoholic beverages to minors. *Alumni Association v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095 (1987). In *Sullivan,* the court stated as follows:

"Additionally, it is of note that the plaintiff in *Congini* also attempted to impose, under a theory of landowner liability, a duty upon the minor plaintiff's employer, Portersville Valve Co., to have prevented the furnishing of alcohol to the minor plaintiff. The *Congini* court rejected this theory on the basis that Portersville, while potentially liable as the social host of the function in question, had not committed any *affirmative or active negligence,* and could not be held liable as a possessor of land in the absence of willful and wanton injury to the licensee-plaintiff. *Congini, supra,* [at 165,] 470 A.2d at 519. This holding was reiterated by the *McCrery* court, with respect to a similar argument by plaintiff McCrery that the corporate owner of the restaurant at which he was served should be deemed vicariously liable for the actions of the restaurant's employees, who were not employees of the corporation itself: . . . " *Sullivan, supra,* citing *McCrery v. Scioli,* 366 Pa. Super. 455, 485 A.2d 1170 (1984). (emphasis supplied)

Consequently, the courts of the Commonwealth of Pennsylvania have established a duty not to provide alcohol to minors. However, *Jefferies* established that the breach of said duty occurred whenever a person or entity intentionally rendered substantial assistance in the furnishing, agreement to furnish, or the promotion of alcohol to the minor. *Sullivan* determined that a landowner cannot be held liable as a matter of law where said landowner did not commit any *affirmative or active negligence.* Obviously, if a person or entity committed any affirmative or active negligence in the social host arena, the same would or may constitute substantial assistance under the test enunciated by the *Jefferies* court. Thus, without affir-

mative or active negligence, the requirement of substantial assistance cannot be met. It is obvious that the cases require more than the mere ownership or leasing of the premises in order to constitute substantial assistance in the furnishing, agreement to furnish, or the promotion of alcohol to a minor. In the instant matter, the Knights of Columbus, New Kensington Council no. 1381, merely owned and leased the premises to an adult sponsor of a party. Plaintiffs contend that defendant should have provided supervisory personnel. However, this was the precise argument that was advanced and rejected by the appellate courts of Pennsylvania in *Congini, Sullivan,* and *McCrery.*

As stated in *Sullivan, supra,* "Under our analysis, an actor's negligence exists in *furnishing intoxicants* to a class of persons legislatively determined to be incompetent to handle its effects. *It is the person's service which forms the basis of the cause of action,* not whether or not a putative plaintiff is entitled to recover . . . " *Sullivan* at 604, 535 A.2d at 1099, citing *Congini, supra.* (emphasis supplied by *Sullivan* court) Plaintiffs in this case have shown nothing more than the fact that the Knights of Columbus leased a social hall to the Kowalkowskis for a graduation party. Having failed to show any of the requisites of liability as set forth and required by the existing state of the case law in Pennsylvania, defendant, Knights of Columbus, is entitled to a grant of a summary judgment.

## ORDER OF COURT

And now, January 22, 1990, after review of the within matter, it is hereby ordered, adjudged and decreed that the motion of Knights of Columbus, New Kensington Counsel no. 1381, for summary judgment is hereby granted.