**Deklinski v. Marchetti**

C.P. of Dauphin County, no. 3161 S 1992.

*Gary M. Lightman,* for defendant.
*Debra K. Wallet,* for plaintiff.

 LIPSITT, TURGEON AND KLEINFEL-
TER, *JJ.*

KLEINFELTER, *J.,* February 29, 1996—The present
matter before the court is the motion for summary judg-
ment of defendant Pennsylvania State Lodge, Fraternal
Order of the Police. According to the pleadings, plaintiff
Karen K. Deklinski, executive director of the Penn-
sylvania Chiefs of Police Association, and defendant
Leo Marchetti, a lobbyist and legislative representative
for FOP, were at the Pennsylvania State Capitol Building
on April 7, 1992. Plaintiff alleges that while introducing
her to Captain David Miller of the Pennsylvania State
Police and an unidentified male, Marchetti described
her "as the woman who had performed oral sex on
him, specifically, given him 'a blow job' the previous
night."

On August 6, 1992 Deklinski initiated the present
action against FOP and Marchetti with a writ of sum-

mons. She filed a complaint on November 13, 1992. She claims defamation of character against Marchetti (Count I), vicarious liability against FOP (Count II), and punitive damages (Count III).[1] Defendants filed an answer with new matter on December 4, 1992. On April 7, 1994 FOP filed the present motion for summary judgment. Deklinski filed a response on May 23, 1994.[2] The matter was argued before an en banc court in November 1995.

Granting a motion for summary judgment is only warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." 42 Pa.R.C.P. 1035(b). Our review must be conducted in the light most favorable to the nonmoving party. *Jefferis v. Commonwealth,* 371 Pa. Super. 12, 15, 537 A.2d 355, 356 (1988). Thus, unless the case is "clear and free from doubt," the motion must be denied. *Johnson v. Harris,* 419 Pa. Super. 541, 549, 615 A.2d 771, 775 (1992). In this case we will grant the motion for summary judgment.

FOP challenges the action in vicarious liability by maintaining that Marchetti, at the time the alleged defamatory utterances were spoken, was not acting "with apparent or actual authority . . . on behalf of moving defendant." To support its claim, FOP submitted an affidavit by its president wherein the latter avers that "[a]t the time of his alleged acts, defendant Marchetti

---

1. Punitive damages is not an "independent action" and therefore should not be placed in a separate count. See *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 101, 555 A.2d 800, 802 (1989).

2. Deklinski received an order granting her an extension of time to respond on April 20.

was not under the supervision and control of the moving defendant." The president also states that "[i]f it is proven that defendant Marchetti uttered the [alleged] words . . ., the utterance of such words was outside the scope of any authority, whether expressed, implied, limited, imputed or otherwise, which may have been granted to defendant by the moving defendant, for the purpose of acting on its behalf."

FOP also looks to sections 247 and 254 of the Restatement (Second) of Agency to support its argument.[3] FOP argues that in Deklinski's pleadings she has not alleged any specific circumstances, at the time Marchetti allegedly made the defamatory comments, to show that he was acting with the authority or apparent authority of FOP. In addition, FOP contends, Deklinski has not alleged the facts necessary to show that Marchetti was acting within the scope of his actual or apparent employment when the alleged remarks were made.

Deklinski opposes the motion for summary judgment by looking to certain averments in the defendants' new matter to the complaint to argue that an agency theory is applicable here.[4] She points out that these pleadings

___

3. These sections state:

"Section 247. DEFAMATION

"A master is subject to liability for defamatory statements made by a servant acting within the scope of his employment, or, as to those hearing or reading the statement, within his apparent authority.

"Section 254. DEFAMATION

"A principal is subject to liability for a defamatory statement by a servant or other agent if the agent was authorized, or if, as to the person to whom he made the statement, he was apparently authorized to make it."

4. The averments were originally given in defendants' answer and new matter. Plaintiff appears to have stipulated to these facts, along with the other circumstances, by describing them as "[r]elevant excerpts from the answer and new matter of defendants."

demonstrate that FOP paid Marchetti on a per diem basis when he was attending the legislative sessions; they also indicate that, at the time of the alleged defamatory incident, plaintiff and Marchetti "were exchanging greetings following a legislative committee meeting" and the alleged remarks were made during "discussions concerning the legislation in question" at the meeting. Deklinski then cites several sections from the Restatement (Second) of Agency, including sections 247 and 254, to contend that, seen in light of the above facts, Marchetti was acting within the scope of his employment or, in the alternative, he was acting with the apparent authority of FOP when he made the alleged defamatory remarks.

We agree that Marchetti was an agent of the FOP at the time and place of the alleged defamatory comments. We are not persuaded, however, that the alleged remarks were made within the scope of authority granted Marchetti by the agency relationship. Our findings show that Marchetti was both an official and lobbyist for the moving defendant on the day the alleged remark was made. The pleadings indicate, however, that the alleged statement took place *after* a legislative committee meeting at which both Deklinski and Marchetti worked together to further "a particular piece of legislation." The comments were made during introductions and an informal exchange of greetings. No legislators were present. Thus, one can reasonably conclude that the alleged remarks were made within the context of an encounter of co-workers after work. Under such circumstances, a person overhearing the alleged defamatory comment could not possibly think that Marchetti, at the time, was acting within the scope of his employment or with the apparent authority of a principal.

Section 228 of the Restatement (Second) of Agency, a section cited by plaintiff, offers guidance in the determination of whether an employee's conduct is within the scope of his employment. It states in pertinent part:

"(1) Conduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master . . . ." *Aliota v. Graham,* 984 F.2d 1350, 1358 (3d Cir. 1993), quoting section 228 of the Restatement (Second) of Agency.

Deklinski has not provided any facts to show that, at the time Marchetti made the alleged statements, his conduct was "of the kind he [was] employed to perform," namely lobbying. Further, other than occurring after the legislative committee meeting, the alleged defamation has not been put in any time frame. Finally, the facts do not support a claim that Marchetti's actions were "actuated, at least in part, by a purpose to serve the master." Deklinski has not specified in what manner Marchetti's alleged defamatory remark was intended to benefit the FOP's interest in lobbying.

We find further guidance in comment c. of section 247 of the Restatement (Second) of Agency, *supra,* which states in relevant part:

"*c. Servant acting within apparent scope of employment.* If the master employs a servant to speak for him, he is subject to liability if the servant makes a mistake as to the truth of the words spoken or as to the justification for speaking them, *or even if he speaks with an improper motive, provided that he acts at least in part to serve his employer's purposes.* (Emphasis added.)

As pointed out above, Deklinski has not provided any facts to go towards demonstrating that Marchetti made the defamatory statement "at least in part to serve his employer's purposes" of benefitting from Marchetti's lobbying. Thus, we do not find sufficient facts in the pleadings to indicate that when the alleged defamation occurred, Marchetti was acting within the actual or apparent scope of his employment.

Finally, with regard to the claim that Marchetti was acting with apparent authority when he made the alleged comments, we may look to section 254 of the Restatement (Second) of Agency, *supra*. There we find that "[a] principal is subject to liability for a defamatory statement by a servant or other agent . . . if, as to the person he made the statement, he was apparently authorized to make it." Deklinski has provided no evidence to support the argument that the persons overhearing the alleged comment had reason to believe that FOP authorized Marchetti to make an untrue, lewd statement about Deklinski's having oral sex with him the previous evening. As noted above, the alleged defamation took place after a meeting and within a period of time when Marchetti's lobbying work had ceased. Moreover, given the fact that plaintiff has not connected the alleged remark with Marchetti's lobbying efforts, it can be reasonably assumed that a witness to the statement would not think that Marchetti was acting with the apparent authority of FOP. The context within which the offensive comment is claimed to have occurred could only give rise to the conclusion that Marchetti acted solely from personal motives. Thus, we find that there are insufficient facts to raise the question of FOP's liability, and summary judgment as to FOP is warranted.

Accordingly, we enter the following

## ORDER

And now February 29, 1996 the motion for summary judgment of defendant Pennsylvania State Lodge, Fraternal Order of the Police, is granted and the action against it is dismissed.

## DISSENTING OPINION

TURGEON, *J.*

I respectfully dissent.

The majority opinion agrees that FOP's lobbyist and legislative representative, Marchetti, was an agent of the FOP at the time and place of the comments, but is not persuaded that the remarks were made within his scope of his authority. It is doubtful that any principal would include within any agent's scope of authority the rendering of defamatory comments. As the Third Circuit noted, in applying Pennsylvania law:

"If the master employs a servant to speak for him, he is subject to liability if the servant makes a mistake as to the truth of the words spoken or as to the justification for speaking them, or *even if he speaks with an improper motive,* provided that he acts at least in part to serve his employer's purposes. The master may be liable even though the servant knows the statement to be untrue. . . . " *Aliota v. Graham,* 984 F.2d 1350, 1359 (3d Cir. 1993), *cert. denied,* 114 S.Ct. 68.

The statements in the case at bar occurred substantially within the authorized time and space limits (at the capitol building immediately following a legislative committee session). The fact that the alleged defamation took place after a meeting is not, therefore, clearly "within a period of time when Marchetti's lobbying work had ceased." His work had not ended merely because the legislative committee meeting was con-

cluded. The plaintiff, indeed, has pled that the alleged remarks were made during "discussions concerning the legislation in question."

"Since the scope of the servant's employment is necessarily dependent on circumstances, a hard and fast rule cannot be laid down as to the scope of any particular employment; and it is ordinarily a question for the jury whether or not a particular act comes within the scope of a servant's employment . . . ." *Orr v. William J. Burns International Detective Agency,* 337 Pa. 587, 592, 12 A.2d 25, 27 (1940). (citations omitted)

Accordingly, since I believe that there are a number of material factual questions in dispute, I would deny the motion for summary judgment.