## Miller v. International Sigma Pi Fraternity

C.P. of Monroe County, no. 1837 Civil 1995.

*Salvatore Vito,* for plaintiff.
*Paul G. Lees,* for defendant International Sigma Pi.
*William A. Slotter,* for defendant East Stroudsburg University.

CHESLOCK, *J.,* January 25, 1999—Plaintiff commenced this action on January 2, 1996 by filing a complaint against defendants. Plaintiff contends that defendants are responsible for the injuries sustained by plaintiff at a fraternity party on the campus of East Stroudsburg University. On January 26, 1996, defendant East Stroudsburg University filed preliminary objections to plaintiff's complaint and praeciped the case for argument. Defendant International Sigma Pi Fraternity filed preliminary objections to plaintiff's complaint on January 29, 1996. The case was delayed for nearly two years. On February 9, 1996, this court granted plaintiff's petition for a stay of proceedings until such time plaintiff leaves the military or until such time plaintiff is in closer proximity to Monroe County. Thereafter, defendant fraternity reinstated their preliminary objections on November 12, 1998 and praeciped the case for argument. Defendant university reinstated their preliminary objections on November 16, 1998 and praeciped the case for argument. Arguments were heard on January 4, 1998. We are now ready to dispose of this matter.

A demurrer is a preliminary objection asserting that the pleadings fail to set forth a cause of action upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). When considering a demurrer, the court must accept as true all well-pleaded facts set forth in the complaint, as well as all reasonably deducible inferences. *Lazor v. Milne,* 346 Pa. Super. 177, 499 A.2d 369 (1985). A demurrer will only be granted when the complaint has clearly failed to state a claim upon which relief can be granted. *Rutherfoord v. Presbyterian-University Hospital,* 417 Pa. Super. 316, 612 A.2d 500 (1992). With these standards in mind, we shall now consider defendants' preliminary objections in the nature of a demurrer.

Defendant fraternity argues that the allegations in the complaint are insufficient to establish a legal duty on their part. Therefore, defendant fraternity contends that they should be dismissed from the instant action. Defendant university contends that the instant action should be dismissed.

In Count I of the complaint, plaintiff alleges defendant fraternity is liable as an accomplice under 18 Pa.C.S. §306 for aiding and encouraging a violation of the underage drinking statute. Although misidentified in the caption, plaintiff alleges an identical cause of action against defendant university in Count VI of the complaint.

The court in *Jefferis v. Commonwealth,* 371 Pa. Super. 12, 537 A.2d 355 (1988) had to determine the civil, as opposed to the criminal, liability and culpability of a person acting as an accomplice. The *Jefferis* court synthesized the criminal and civil elements of accomplice liability to be used "to determine the extent of liability in a social host situation involving an intoxicated minor:

"(1) the defendant must have intended to act in such a way so as to furnish, agree to furnish or promote the furnishing of alcohol to the minor, and

"(2) the defendant must have acted in a way which did furnish, agree to furnish, or promote the furnishing of alcohol to the minor, and

"(3) the defendant's act must have been a substantial factor in the furnishing, agreement to furnish, or the promotion of alcohol to the minor." *Jefferis v. Commonwealth,* 371 Pa. Super. at 18-19, 537 A.2d at 358.

Plaintiff alleges that defendants fraternity and university should be considered accomplices in furnishing alcohol to a minor in violation of Pennsylvania law. We disagree with plaintiff.

Plaintiff's allegations in the complaint do not rise to a level sufficient to impose accomplice liability upon defendants fraternity and university. A demurrer requires this court to accept all well-pleaded facts as true. Even with that standard, defendants fraternity and university did not act in concert with the local fraternity in furnishing alcohol to plaintiff, a minor. Therefore, Counts I and VI, misidentified as Count IV, are dismissed.

In Counts II and VII of the complaint, plaintiff alleges negligence on the part of defendants fraternity and university. The Pennsylvania Supreme Court, in *Alumni Association v. Sullivan,* 524 Pa. 356, 572 A.2d 1209 (1990), had to determine if a national fraternity and university should be considered social hosts and therefore liable for the actions arising from a party at a fraternity chapter's house. Relying upon their holding in *Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), the *Alumni Association* court determined that the national fraternity and university should not be considered social hosts because they did not breach the standard of care. In order to

be liable as a social host, one must have " 'knowingly furnished' alcoholic beverages to a minor." *Alumni Association,* 524 Pa. at 364, 572 A.2d at 1212. "The 'knowingly furnished' standard requires *actual knowledge* on the part of the social host as opposed to imputed knowledge imposed as a result of the relationship." *Id.* (emphasis added)

In the instant case, plaintiff alleges that "defendant [fraternity] breached said duty in failing to supervise compliance with said information communicated/published, especially where similar prior incidents by Sigma Pi-ESU evinced an utter disregard for said prior information that defendant communicated/published." (See plaintiff's complaint.) Furthermore, "defendant's negligence in failing to address perceived risk of recurrence in a reasonable way was a substantial factor in causing said injuries suffered by plaintiff attendant to said breach." (See plaintiff's complaint.) Plaintiff alleges the identical cause of action against defendant university. In essence, plaintiff avers that defendants knew of previous underage parties at the chapter house. Defendants undertook steps to educate and prevent the chapter house from having these parties. In the complaint, plaintiff contends that defendants should be held responsible because they attempted to mend the problem. We disagree with plaintiff.

Unless defendants fraternity and university had actual knowledge of the party at which plaintiff was injured, liability will not follow. Plaintiff fails to aver actual knowledge on the part of plaintiff. Therefore, in the absence of actual knowledge, plaintiff claims of negligence against defendants fraternity and university must be dismissed.

In Counts III and VII of the complaint, plaintiff alleges that defendants fraternity and university are liable re-

spectively as vendors in violation of 47 P.S. §4-493(1) for serving alcohol to a minor. 47 P.S. §4-493(1) states, in pertinent part, that:

"It shall be unlawful—

"(1) For any licensee or the board, or any employee, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given to any person visibly intoxicated, or any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits." 47 P.S. §4-493(1).

Plaintiff contends that defendants fraternity and university should be considered licensees. We disagree with plaintiff.

Defendants fraternity and university should not be considered licensees for purposes of 47 P.S. §4-493(1). Defendants fraternity and university did not know about the party nor did they sponsor the party. It would be absurd to consider these unwilling participants licensees and therefore liable for violation of 47 P.S. §4-493. Therefore, Counts III and VII are dismissed.

Counts IV and IX allege liability on the part of defendants fraternity and university for breach of duty owed a business licensee. In Pennsylvania, it is well established that "[t]he standard of care a possessor of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee, or invitee." *Emge v. Hagosky,* 712 A.2d 315, 317 (Pa. Super. 1998), citing *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 394 A.2d 546 (1978). Plaintiff refers to himself as a business licensee. We believe plaintiff is in error and meant to refer to himself as a business invitee. For the purposes of preliminary objections in

the nature of a demurrer, we shall afford plaintiff this higher standard of care.

"A business invitee is a person who is invited to enter or remain on the land of another for a purpose directly or indirectly connected with business dealings with the *possessor of land." Emge v. Hagosky,* 712 A.2d at 317. (emphasis added) "The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Id.* Plaintiff contends that defendants fraternity and university failed to protect plaintiff, a business invitee, at the fraternity party. Plaintiff argues that defendants fraternity and university should have supervised the party and the lack of supervision led to injuries sustained by plaintiff when a group of students assaulted plaintiff.

Defendant fraternity is a fraternal organization with its business address in Vincennes, Indiana. (See plaintiff's complaint.) Nowhere in plaintiff's complaint is it alleged that defendant fraternity is the possessor of the land in question. Plaintiff also fails to allege that defendant ESU is the possessor of the land. As a result, we can only dismiss where the complaint clearly fails to state a claim upon which relief can be granted. Plaintiff cannot assert a claim of breach of duty to a business invitee against a defendant not in possession of the land at issue. Plaintiff fails to allege that defendants fraternity and university are possessors of the land. In fact, plaintiff avers that defendant Beta PSI Housing Association/Beta Housing Association Inc. is the landlord/manager of the fraternity house. (See plaintiff's complaint.) Therefore, plaintiff cannot assert a claim for breach of duty to a business invitee against defendants fraternity and university. Counts IV and IX are dismissed in the nature of a demurrer.

In Counts V and X of the complaint, plaintiff alleges strict liability for public nuisance on the part of defendants fraternity and university respectively. In Pennsylvania, a public nuisance is defined as "an unreasonable interference with a right common to the general public." *Muehlieb v. City of Philadelphia,* 133 Pa. Commw. 133, 140, 574 A.2d 1208, 1211 (1990), quoting Restatement (Second) of Torts §821B. We are faced with a conundrum. Plaintiff alleges that defendants fraternity and university are liable for the public nuisance caused by the local fraternity. We believe that defendants fraternity and university are inappropriate parties with which to assert a public nuisance claim. The party was not a school-sponsored event. Therefore, defendant university was not involved. Furthermore, defendant fraternity has its offices in Indiana. Defendant fraternity was not involved in this event staged by the local fraternity chapter. Therefore, because defendants fraternity and university are inappropriate parties against whom to assert a public nuisance claim, Counts V and X are dismissed.

In Counts XVI and XVII, plaintiff alleges that defendants fraternity and university are liable for the imputed conduct of Sigma Pi-ESU respectively. We disagree with plaintiff. We have determined that defendants fraternity and university should not be held responsible for the alleged negligent conduct of the local fraternity. Therefore, we find that defendants fraternity and university cannot be held liable for the imputed conduct of the local fraternity chapter. To permit plaintiff to hold defendants fraternity and university accountable for the assault upon plaintiff by members of a local fraternity chapter would border on the absurd. Therefore, Counts XVI and XVII of the complaint are dismissed in the nature of a demurrer.

Accordingly, we enter the following order:

ORDER

And now, January 25, 1999, Counts I through XVII are dismissed in the nature of a demurrer. Plaintiff's complaint is hereby dismissed.